JOSEPH H. HOLIVER *vs.* DEPARTMENT OF PUBLIC WORKS.

Suffolk.  January 3, 1955. — July 1, 1955.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Contract,* Construction, For sale of real estate, Assignment, Performance and breach. *Assignment. Letter. Evidence,* Letter. *Notice.*

A conclusion that a written notice was received by the addressee would be justified in a suit in equity where the judge found that the notice was mailed to him, there was in evidence a registry receipt signed in his name, and there was no evidence that he did not receive the notice. [21]

A party to an assignable contract which had been assigned by the other party was entitled to give a notice required by the contract to the assignor only where the notifying party had no knowledge of the assignment. [21]

Where the parties to a contract for sale and purchase of land agreed that, because a national emergency had prevented the buyer from obtaining necessary materials for building on the land, periodic instalment payments against the purchase price required by the contract should be "suspended for the duration of" the emergency but that upon termination of the emergency the payments should be resumed and that if it should appear to the seller that such building materials were "available" the seller might notify the buyer to resume the payments, such agreement meant that even during the emergency the seller could require resumption of the payments upon finding availability of the materials and that after the emergency had ended payments should be resumed automatically. [21]

BILL IN EQUITY, filed in the Superior Court on January 18, 1954.

On May 20, 1941, the Commonwealth and one Daniel F. McGrath made a contract, the benefits and obligations of which were to "run to" him and his assigns, whereby the Commonwealth was to sell and he to purchase land on Nashua Street in Boston for a price payable by a down payment and the balance in eleven annual instalments on the first day of May each year, with interest; he was entitled to occupy the premises immediately and to construct buildings thereon; the Commonwealth was to make conveyance upon the completion of the payments provided for; and, in case of "failure to make such payments . . . within ten (10) days after receipt of notice of any default," the Commonwealth might "treat this agreement as void" and expel McGrath and anyone claiming under him from the premises, "and any payments made hereunder shall be retained by the Commonwealth as liquidated damages for the breach of this agreement."

On November 16, 1943, the Commonwealth and McGrath made a further contract reciting that the national emergency had prevented him "from securing the necessary materials for the construction of a building" on or "making any profitable use of" the Nashua Street land, and providing that "the further payments on the purchase price . . . as required by" the 1941 contract "shall be suspended for the duration of" the national emergency but "upon condition[s]" that on the date of termination of the national emergency "all the terms of the . . . [1941 contract] shall again be in full force and effect . . . and the annual payments shall be resumed upon the first day of May thereafter," and that "if it appears to . . . [the department of public works] that the necessary materials for the construction of the building are available said Department shall give notice to . . . [McGrath] that on a date named in said notice . . . [the 1941 contract] shall be in effect, and . . . the annual payments shall be resumed upon the first day of May following said date."

The plaintiff appealed from a final decree entered after hearing by *Morton*, J.

*Jacob J. Spiegel,* for the plaintiff, submitted a brief.

*Joseph H. Elcock, Jr.,* Assistant Attorney General, for the defendant.

LUMMUS, J. This is a proceeding to obtain a declaratory decree relative to the rights and obligations of the parties under a contract made in May, 1941, between one McGrath and the Commonwealth, acting by the department of public works, for the purchase by McGrath from the Commonwealth of land on Nashua Street in Boston for $100,000, payable $6,500 at once and the balance in eleven annual instalments of $8,500 each, with interest. The contract was assignable and was assigned through various assignees until the plaintiff Holiver acquired it early in 1948. Neither McGrath nor any of the assignees made any payment except the first payment of $6,500.

The defendant did not know of any assignment before November 23, 1948. Because of a shortage of building materials, the annual payments had been suspended for the duration of the national emergency declared by the President of the United States on May 27, 1941. But under the contract if the defendant should find that building materials were available it could notify McGrath that payments must be resumed, as it did on November 23, 1948. No further payment was made, and on May 14, 1953, the defendant notified McGrath and the assignees that payments were in default. On June 2, 1953, the defendant, as it might do, declared the contract null and void.

The judge entered a decree, declaring that the contract of May, 1941, is null and void, and that the first payment of $6,500 made by McGrath is forfeited to the Commonwealth as liquidated damages as provided in the contract, with costs. The plaintiff Holiver appealed.

Nothing in the record raised the point that the notices sent by the defendant to McGrath and the assignees were not authorized by vote of the members of the department. *Scullin* v. *Cities Service Oil Co.* 304 Mass. 75, 83–84. For that reason that point is not open on this appeal. *Nash* v. *New England Mutual Life Ins. Co.* 127 Mass. 91, 98.

The plaintiff contends that there is no evidence that the notice of November 23, 1948, from the department to McGrath was ever mailed to him or that he was the McGrath named in the contract. The judge found on sufficient evidence that that notice was mailed to him. The regular course of the mails is presumed. *Anderson* v. *Billerica*, 309 Mass. 516, 518. *Hobart-Farrell Plumbing & Heating Co.* v. *Klayman*, 302 Mass. 508, 509. There was no evidence that McGrath did not receive that notice. There was in evidence a registry receipt for that notice signed by Daniel F. McGrath. If the objection of the plaintiff had substance, evidence in support of it might well be expected.

So far as appears, the department never was notified of any assignment of the contract prior to its notice of November 23, 1948. For that reason the department could deal with McGrath as the owner of the contract, and give notice only to him. *Dixon* v. *Smith*, 181 Mass. 218, 221.

The plaintiff contends that under the contract the payments on the price were to be suspended throughout the duration of the emergency declared by the President, and the obligation to pay could not be made to resume within the period of that emergency. We do not so construe the contract. After the emergency ended payments were to be resumed automatically without action by anyone to that end. No finding by the department that building materials were available was needed, after the emergency had ended. The department, in our opinion, by finding that building materials were available, could require a resumption of the payments even during the existence of the emergency. And the emergency was ended by presidential proclamation on April 28, 1952.

The argument for the plaintiff has taken a wide range. We have dealt with its more important aspects. We have considered it all, and find no error in the decree.

*Decree affirmed with costs*
*of this appeal.*