FAITH ASSEMBLY OF GOD OF SOUTH DENNIS AND HYANNIS,
INC. *vs.* STATE BUILDING CODE COMMISSION
& another.[1]

Barnstable. November 10, 1980. — February 11, 1981.

Present: HALE, C.J., ROSE, & KASS, JJ.

*Church. State Building Code,* Church, School. *Constitutional Law,*
Freedom of religion.

Evidence that a building attached to a church was open between 8:30
A.M. and 2:30 P.M. daily for the purpose of offering a program of com-
plete academic instruction in lieu of public education to 150 children
in grades kindergarten through twelve by teachers who were certified
by the Massachusetts Department of Education warranted a finding
by the State Building Code Commission Appeals Board that the build-
ing was primarily used as a schoolhouse within the meaning of 780
Code Mass. Regs. § 201.0, at 78 (1978). [334-335]

Application of the State Building Code requirements for schoolhouses to a
building attached to a church, rather than the less stringent require-
ments applicable to church-related structures, did not infringe on the
church's First Amendment right to exercise freely its religion.
[335-337]

CIVIL ACTION commenced in the Superior Court Depart-
ment on August 16, 1979.

The case was heard by *Beaudreau,* J.

*Charles E. Craze,* of Ohio, for the plaintiff.

*Bruce P. Gilmore,* Town Counsel, for Building Inspector
of Barnstable.

*E. Michael Sloman,* Assistant Attorney General, for State
Building Code Commission.

ROSE, J.  This is an appeal from a judgment of the Superi-
or Court affirming the decision of the State Building Code
Commission Appeals Board (board) requiring certain reno-

---

[1] The building inspector of the town of Barnstable.

vations, pursuant to the State Building Code (Code), in a building operated by the plaintiff. We affirm.

The plaintiff concedes that the building does not comply with the Code, and at the hearing the board found that without renovation the building is an "extreme hazard." The board determined, however, that ordering strict compliance with the Code would do manifest injustice and granted variances, concluding that the effect of such variances would not conflict with the general objectives of the Code. The plaintiff contends that, since the building is attached to the plaintiff's church, the board erred in finding that the building is primarily used as a schoolhouse within the scope of the Code, 780 Code Mass. Regs. § 460 (1978), requiring the plaintiff to comply with more stringent requirements than those applicable to church-related structures. The plaintiff further contends that if the building is so classified, making applicable the more stringent Code requirements, the Code, as applied, unconstitutionally abridges its First Amendment right freely to exercise its religion. For the reasons that follow, we reject both contentions.

1. *Classification of the building.* The plaintiff argues that the board erred in concluding that the building falls within the ambit of the definition of "schoolhouse" provided by 780 Code Mass. Regs. § 201.0, at 78 (1978): "Any building or premise in which a regular course of public or private instruction is given to not less than ten (10) students at one time except for rooms in buildings separate from or attached to churches used for the primary purpose of religious instruction." Under G. L. c. 30A, § 14(7)(*e*), our review of the propriety of the board's determination is limited to whether it was supported by substantial evidence, which is "such evidence as a reasonable mind might accept as adequate to support a conclusion." G. L. c. 30A, § 1(6). See *Cohen* v. *Board of Registration in Pharmacy,* 350 Mass. 246, 251 (1966). The burden is on the appealing party to demonstrate the invalidity of the administrative determination. *Almeida Bus Lines, Inc.* v. *Department of*

*Pub. Util.,* 348 Mass. 331, 342 (1965). *Duato* v. *Commissioner of Pub. Welfare,* 359 Mass. 635, 640 (1971). We must give due weight to the board's experience, technical competence and specialized knowledge in matters affecting the safety standards of buildings (see *Imprescia* v. *State Racing Commn.,* 6 Mass. App. Ct. 839, 839-840 [1978]; *Fioravanti* v. *State Racing Commn.,* 6 Mass. App. Ct. 299, 302 [1978]), and we cannot displace the board's choice between fairly conflicting views. See *Labor Relations Commn.* v. *University Hosp., Inc.,* 359 Mass. 516, 521 (1971). The evidence presented to the board was as follows: The building is officially open between 8:30 A.M. and 2:30 P.M. daily, with lunch served on the second story. The total student enrollment is presently 150, and the program offers complete academic instruction in lieu of public education for children in grades kindergarten through twelve by teachers who are certified by the Massachusetts Department of Education. The foregoing constitutes substantial evidence to warrant the board's finding that the building is a school and that its primary purpose is not for religious instruction. See 780 Code Mass. Regs. § 201.0, at 78 (1978).[2]

2. *Infringement of First Amendment rights.* The plaintiff contends that if the building is classified as a school, making applicable the more stringent Code requirements for schoolhouses, the Code as applied to it impermissibly infringes on its right freely to exercise its religion. In support of its argument, the plaintiff asserts that the school is an integral part of the sectarian functions of the church and that

---

[2] We are unpersuaded by the plaintiff's analogy to the concept of incidental uses in zoning law in order to establish that the building is primarily a church and therefore is not subject to the Code's more stringent requirements for schoolhouses. The plaintiff blurs the distinction between zoning principles related to land use and building code principles related to public safety. See *Norcross* v. *Board of Appeal of Boston,* 255 Mass. 177, 182-183 (1926); *Enos* v. *Brockton,* 354 Mass. 278, 280-281 (1968). The board's decision does not curtail or affect in any way the plaintiff's use of its property as a schoolhouse; it simply requires certain renovations in the interest of safety. Compare *Radcliffe College* v. *Cambridge,* 350 Mass. 613, 618 (1966).

therefore any inhibition on the use of the property as a school infringes on its freedom to exercise its religion.[3] Apart from the fact that the argument misapprehends the nature of the Code requirements as restricting the use of the building as a school rather than as requiring adherence to certain safety measures if it is to be used as a school, the plaintiff has failed to "show the coercive effect of the enactment as it operates against [it] in the practice of [its] religion." *School Dist. of Abington Township, Pa.* v. *Schempp*, 374 U.S. 203, 223 (1963). *Board of Educ. of Cent. Sch. Dist. No. 1* v. *Allen*, 392 U.S. 236, 248-249 (1968).

The plaintiff further contends that, because the required building changes will be costly,[4] application of the Code to it infringes its religious rights. This is not a case where application of the Code forces a choice between abandoning one's religious principles and facing criminal charges. See, e.g., *Wisconsin* v. *Yoder*, 406 U.S. 205, 219 (1972). Neither is it a case which forces choice between abandoning the precepts of religion and forfeiting public benefits. See, e.g., *Sherbert* v. *Verner*, 374 U.S. 398, 404 (1963). The Code does not restrict or make unlawful any religious practice of the plaintiff; the Code simply regulates the condition of the physical facility if it functions as a school, and as applied to the plaintiff, as well as any other school, secular or sectarian, operates to make the use of the building as a school safer, although, as a consequence, more expensive. The board does not seek to become involved in the plaintiff's religious activities or to control its financial affairs. See *United States* v. *Freedom Church*, 613 F.2d 316 (1st Cir. 1979). See also *Roloff Evangelistic Enterprises, Inc.* v. *State*, 556 S.W. 2d 856 (Tex. Ct. App. 1977), appeal dis-

---

[3] The Commonwealth regulates in the interest of safety physical facilities used as churches. See, for example, 780 Code Mass. Regs. §§ 203.5 & 418.0 (1979). Indeed, the plaintiff concedes that its church is properly subject to such regulations.

[4] The parties agreed that the costs of the required changes will be approximately $70,000.

missed, 439 U.S. 803 (1978). For these reasons, we cannot say that the Code is invalid as applied to the plaintiff.

*Judgment affirmed.*