Doerfer, J.
The plaintiff, Angela Boyette (“Boy-ette”), has appealed from a decision of the Board of Appeals on Motor Vehicle Liability Policies and Bonds (“Board”) affirming the decision of the Registry of Motor Vehicles (“Registry”) to revoke her license for a period of three years, beginning on May 24, 1994, the date on which Boyette physically surrendered her license to the Registry. For the reasons which follow, the Board’s decision to defer the commencement of the three-year suspension until the date upon which Boy-ette physically surrendered her license to the Registry is reversed.
BACKGROUND
On May 25,1991, Boyette was arrested for possession of a Class B substance with intent to distribute. On June 25, 1991, Boyette was found guilty of that offense in Dorchester District Court. On July 1, 1991, the Registrar of Motor Vehicles sent Boyette a notice that, effective July 11, 1991, her driver’s license would be suspended for a period of three years pursuant to G.L.c. 90, §22F. The notice also stated that Boyette must return her license to the registry and that “failure to promptly return [her] license . . . may result in a longer suspension or revocation period.” In her complaint, Boyette stated that she misplaced her license, but that she provided the Registry with a sworn affidavit of license loss on or about May 24, 1994. Pursuant to Registry policy, the Registry deferred the commencement of Boyette’s three-year suspension until she provided the Registry with this affidavit on May 24, 1994. Thus, the Registry has determined that the period of Boyette’s license suspension does not end until May 24, 1997.
Boyette appealed the Registry’s decision to the Board, pursuant to G.L.c. 90, §28. After a hearing on August 10, 1994, Board members allegedly observed Boyette enter a car and drive away from the hearing. The Board affirmed the decision of the Registrar and, in its statement of reasons, listed Boyette’s behavior of driving with a suspended license to be “a total disregard for the laws of the Commonwealth.” The Board further denied Boyette’s request for modification after consideration of hardship.[1] On September 30, 1994, Boyette filed this action seeking judicial review of the Board’s decision pursuant to G.L.c. 30A, §14.
DISCUSSION
The party appealing an administrative decision bears the burden of demonstrating the decision’s invalidity. Merisme v. Board of Appeals on Motor Vehicle Liab. Policies & Bds., 27 Mass.App.Ct. 470, 474 (1989); Faith Assembly of God v. State Bldg. Code Comm’n, 11 Mass.App.Ct. 333, 334 (1981), citing Almeida Bus Lines Inc. v. Department of Pub. Utils., 348 Mass. 331, 342 (1965). In reviewing the agency decision, the court is required to give due weight to the agency’s experience, technical competence, specialized knowledge, and the discretionary authority conferred upon it by statute. Flint v. Commissioner of Pub. Welfare, 412 Mass. 416, 420 (1992); Seagram Distillers Co. v. Alcoholic Beverages Control Comm’n, 401 Mass. 713, 721 (1988); Quincy Hosp. v. Labor Relations Comm’n, 400 Mass. 745, 748-49 (1987). The court may set aside or modify a decision, “if it determines that the substantial rights of any party may have been prejudiced because the agency decision is arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with the law.” G.L.c. 30A, §14(g).
The Registry asserts that a period of suspension does not begin to run until an individual physically surrenders his or her license to the Registry. The Registry, however, admits that this additional requirement is internal “policy” and is not based on any statute or regulation. Indeed, nowhere in G.L.c. 90, §22F, which gives the Registry the statutory authority to revoke the licenses of “habitual traffic offenders,” is this requirement stated. Rather, G.L.c. 90, §22F provides that, “the registrar shall immediately revoke such person’s license or right to operate.” Thus, because the Registry’s implementation of the additional requirement that an individual must physically surrender his or her license before a suspension period begins to run is not based on any legal authority, the court concludes that the defendants’ decisions in this matter were arbitrary and capricious and substantially prejudiced Boyette’s rights. Accordingly, the court reverses the Board’s decision affirming the decision of the Registry to suspend Boyette’s license until 1997 and rules that, in accordance with G.L.c. 90, §22F, Boyette’s suspension commenced on July 11, 1991 and ended on July 11, 1994.
In its statement of reasons for affirming the decision of the Registrar, the Board noted that Board members observed Boyette enter the driver’s side of a vehicle and drive away from the hearing. Boyette, however, never admitted that she engaged in this conduct nor was she given the opportunify to cross-examine the Board members with regard to their observations. Clearly, the Board’s reliance on the unsubstantiated observations of Board members in affirming the Registry's decision to suspend Boyette’s license until 1997 offends fundamental notions of due process. See Commonwealth v. Underwood, 358 Mass. 506, 513 (1970). (“Parties to litigation are entitled as a matter of right to the reasonable cross-examination of witnesses against them for the purpose of attempting to impeach or discredit their testimony.”) Therefore, the court further rules that the Board’s reliance on such evidence was an abuse of discretion and must be disregarded.
ORDER
For the foregoing reasons, the decisions of the Defendants, Registry of Motor Vehicles and Board of Appeal on Motor Liabilify Polices and Bonds, are REVERSED. The court rules that the period of Plaintiff Angela Boyette’s three-year license suspension commenced on July 11, 1991 and ended on July 11, 1994.

Boyette has a two-year-old daughter.