DelVecchio, J.
This case represents Stephen Redmond’s (“plaintiff’) appeal pursuant to G.L.c. 30A from a finding of ineligibility for Medical Assistance benefits until plaintiff incurred allowable medical bills to meet a deductible. Plaintiff requests that the agency decision be overturned with respect to the deductible. The Massachusetts Division of Medical Assistance (“defendant”) requests that the agency decision be affirmed. After hearing from the parties and based on the parties’ written submissions, it is ORDERED that the administrative decision be REVERSED with respect to the finding regarding the deductible.
BACKGROUND
From July 1, 1990 until January, 1994, plaintiff was eligible for and received Supplemental Security Income (“SSI”). Based on his eligibility for SSI, he was automatically eligible for Medicaid benefits. In January, 1994, plaintiff began receiving $72.00 per month from the Department of Veterans Affairs for a non-service connected disability. The extra $72.00 a month in income, which was not requested by plaintiff, disqualified plaintiff for SSI benefits. Since he was no longer eligible for SSI, he was therefore no longer automatically eligible for Medicaid. On September 9, 1994, plaintiff was notified that his countable income exceeded the Medicaid program limits. He was informed that he could establish eligibility for Medicaid by using allowable medical bills to meet a deductible of $654.00 for a six-month period. On September 23, 1994, plaintiff timely appealed that decision. On November 18, 1994, the appeal referee affirmed the decision, holding that plaintiff had excess income and that the deductible was correctly assessed. Now before this Court is plaintiffs appeal pursuant to G.L.c. 30A. Plaintiff requests that this Court overturn the decision of the appeal referee with respect to the deductible. Defendant requests that the decision be affirmed.
DISCUSSION A. 30A Standard
The Court can review and either affirm, reverse, remand, compel action, or modify a state administrative agency’s decision if the court determines “that the substantial rights of any party may have been prejudiced because the agency decision is . . . arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law.” G.L.c. 30A, §14(7)(g). The party appealing an administrative decision bears the burden of demonstrating the decision’s invalidity. Merisme v. Board of Appeals on Motor Vehicle Liab. Policies & Bds., 27 Mass.App.Ct. 470, 474 (1989); Faith Assembly of God v. State Bldg. Code Comm’n, 11 Mass.App.Ct. 333, 334 (1981), citing Almeida Bus Lines, Inc. v. Department of Pub. Utils., 348 Mass. 331, 342 (1965).
B. Determination of Plaintiffs Eligibility for Medicaid
The Medicaid program is a federal policy established to enable each state to furnish medical assistance to the aged, blind, disabled, or dependent persons whose income is insufficient to meet costs of necessary medical services. State regulations must conform to federal statutory and regulatory requirements. 42 U.S.C. §1396a. In Massachusetts, the state agency in charge of administration of this federal program is the Division of Medical Assistance. Massachusetts and all states are required to follow the federal income guidelines in determining who is eligible for Medicaid.
According to the Massachusetts regulations, a person whose SSI benefits are terminated is to continue *338 to receive medical assistance until a determination of ineligibility is made by the Division of Medical Assistance. 130 CMR 504.510(B). After plaintiffs SSI benefits were terminated, defendant used a three-step process to determine if plaintiff was financially eligible for Medical Assistance benefits. These steps included determination of eligibility under (a) the Pickle Amendment; (b) a federal poverty level standard; and (c) the Massachusetts Income Standards for Community Cases.
1. The Pickle Amendment
The purpose of the Pickle Amendment is to ensure that individuals will not be penalized by an RSDI cost of living increase which would then cause them to be ineligible for Medicaid. The Pickle Amendment allows Medicaid eligibility for former SSI recipients whose income exceeds Medicaid income standards.
According to 130 CMR 504.540(A):
Under the Pickle Amendment, former SSI recipients whose income exceeds the Medicaid income standard under 130 CMR 506.410 are eligible for Medical Assistance provided they:
(1) are receiving RSDI benefits;
(2) were eligible for and received SSI benefits after April 30, 1977; and
(3) would be currently eligible for SSI if the incremental amount of RSDI cost-of-living increases paid to them since the last month subsequent to April 30, 1977 for which they were both eligible for and receiving SSI and entitled to (but not necessarily receiving) RSDI were deducted from the current amount of RSDI benefits.
Plaintiffs countable income for purposes of the Pickle Amendment was $616.00. Plaintiffs actual RSDI amount was $579.00. Subtracted from that amount was $15.05, which represents the 2.6% cost ofliving increase granted in January, 1994. Therefore, the adjusted RSDI amount was $564.00. Added to that was the $72.00 in Veteran’s benefits, subtracted by $20.00 for unearned income for a total of $616.00. In November, 1994, the SSI income standard was $560.39. Currently, the standard is $572.00. Thus, it was determined that plaintiffs income was in excess of the required levels for SSI eligibility. Therefore, it was held that plaintiff was not eligible for Medical Assistance benefits under the Pickle Amendment.
2. Federal Poverty Level
Next, defendant determined if plaintiff was eligible pursuant to the Federal Poverty Level Standards. If plaintiff could show that his income was below 100% of the Federal Poverty Level, then he would be eligible for Medical Assistance without a deductible. Plaintiff s non-Pickle Amendment income was $631.00. That number represents $579.00 in actual RSDI, plus $72.00 in Veteran’s Benefits, subtracted by $20.00 for the unearned income allowance. At the time of the hearing, the Federal Poverty level was $614. Since plaintiffs income was more than the Federal Poverty level, plaintiff was determined ineligible for Medical Assistance under this part of the process.
3.Massachusetts Income Standards
In order to be eligible for Medical Assistance without a deductible under this part of the process, plaintiff had to show that his income was less than $522.00 per month. Plaintiffs income for non-Pickle Amendment purposes is $631.00. Once again, plaintiffs income is in excess of the allowable amount. Therefore, it was determined pursuant to 130 CMR 506.500, that plaintiff could establish eligibility for Medical Assistance by meeting a deductible. The deductible is calculated by multiplying the amount the applicant’s income is in excess of $522.00 by six. 130 CMR 506.530. That amount is the deductible for a six-month period. 130 CMR 506.520. In this case, plaintiffs deductible was determined to be $654.00.
C. Findings of this Court
This Court finds that the decision of the administrative agency was arbitrary and capricious. It is inconceivable to this Court that the drafters of the Pickle Amendment ever intended the result in this case. In fact, the situation here is exactly the kind of situation the Pickle Amendment was intended to prevent. Without the additional $72.00, which plaintiff did not request, he would be eligible for Medical Assistance. The $72.00 per month, a cost ofliving increase, caused the loss of plaintiffs benefits. This is what the Pickle Amendment intended to cure.
The reality of plaintiffs situation is that he must incur $654.00 of medical bills in a six-month period because he now receives $72.00 more dollars a month. He makes only $102.00 above the poverty line in any given six-month period. He is being penalized for receiving money he did not request. This case represents bureaucratic nitpicking at its finest. This Court finds that the substantial rights of plaintiff have been prejudiced by an arbitrary and capricious decision of the administrative agency.
ORDER
Based on the foregoing, it is hereby ORDERED that the Division of Hearings decision be REVERSED with respect to the requirement of a deductible.