Lopez, J.
Plaintiff, Miriam Sidman (Sidman), seeks judicial review of a decision by defendant, Board of Appeal on Motor Vehicle Liability Policies and Bonds (Board), upholding a surcharge imposed on her insurance policy. Sidman alleges that the Board’s decision lacked substantial evidence and was erroneous as a matter of law under G.L.c. 30A, §14. For the following reasons, the Board’s decision is VACATED and REMANDED.
BACKGROUND
This Court takes the following facts from the administrative record: On December 18, 1994, at approximately 11:00 a.m., Sidman was involved in an automobile accident at the intersection of Beacon Street and Centre Street in Brookline.[2] Sidman was travelling westward on Beacon Street. The other vehicle was proceeding on Centre Street and attempted to cross Beacon Street when the cars collided. There is a traffic signal at the intersection.
Sidman testified before the Board that she was proceeding on Beacon on a green light and that the light never even turned yellow. The driver of the other vehicle, David Saltón, stated in an accident report that his light was green and that the accident was caused by Sidman who crossed the intersection on a red light. The Board also took as evidence a written statement by a witness, Li Li, stating that, in her opinion, Sidman drove through the red light and therefore was responsible for the accident. A Brookline police officer arrived at the scene after the accident and issued a citation to Sidman for “Failure to Stop for a Red Light.” Sidman appealed the citation to Brookline District Court, which, following a hearing on May 17, 1995, determined that Sidman was not responsible for the accident.
Meanwhile, on February 24, 1995, Sidman’s insurance company, Berkshire Mutual Insurance Company (Berkshire), had determined that Sidman was more than 50% at fault and imposed a merit rating surcharge under G.L.c. 175, §113P. Sidman appealed that decision to the Board, which upheld the surcharge on December 21, 1995.
Sidman now petitions this Court alleging that the decision by the Brookline District Court is dispositive of the issue of fault, and therefore, the Board’s decision upholding the surcharge was unsupported by substantial evidence and constituted an error of law.
DISCUSSION
The party appealing an administrative decision bears the burden of demonstrating the decision’s invalidity. Merisme v. Board of Appeals on Motor Vehicle Liab. Policies & Bds., 27 Mass.App.Ct. 470, 474 (1989); Faith Assembly of God v. State Bldg. Code Comm’n, 11 Mass.App.Ct. 333, 334 (1981), citing Almeida Bus Lines, Inc. v. Department of Pub. Utils., 348 Mass. 331, 342 (1965). In reviewing the agency decision, the court is required to give due weight to the agency’s experience, technical competence and specialized knowledge, and the discretionary authority conferred upon it by statute. Flint v. Commissioner of Pub. Welfare, 412 Mass. 416, 420 (1992). This court may not substitute its judgment for that of the agency on issues of fact. Southern Worcester County Regional Vocational School Dist. v. Labor Relations Comm’n, 372 Mass. 152, 154 (1977).
■ The Board’s decision relied on oral testimony from Sidman, the written police report, the accident reports of both drivers, and the written statement of the eyewitness to the accident. The Board based its decision on the presumptions of fault under the relevant regulation, 211 C.M.R. §74.04(8), which states that a driver who fails to obey a traffic signal and thereafter collides with another motor vehicle shall be presumed to be more than 50% at fault. The Board’s decision to uphold the surcharge was based solely on a finding that she drove through the red light.
However, the District Court had previously ruled that Sidman was “Not Responsible” for the citation of failure to stop at a red light, based upon “a preponderance of the credible evidence.” See G.L.c. 90C, §3. The District Court adjudicated and determined precisely the same issue as presented before the Board, i.e. whether Sidman proceeded through the red light, under virtually the same standard of fault as that of the regulations. Because the only issue supporting the surcharge has already been rejected by a court of law, it would create an irrational result if an administrative agency were not subsequently bound by that decision. Therefore, this court rules that, as a matter of law, the Board must be bound by the decision of the District Court unless it can demonstrate that the evidence before the Board differed substantially from the evidence which the District Court heard.
ORDER
For the foregoing reasons, it is hereby ORDERED that the decision of defendant, Board of Appeal on Motor Vehicle Liability Policies and Bonds, be VACATED and REMANDED to the Board for further findings of fact on whether the evidence before it differed substantially from the evidence presented at the District Court proceeding.

Although the Board’s decision states that the accident occurred in Boston, the accident reports of both drivers as well as the police report indicate the accident took place on Beacon Street in Brookline.