Neel, J.
INTRODUCTION
Plaintiff John Coit seeks judicial review, pursuant to G.L.c. 30A, §14, of the Contributory Retirement Appeal Board’s (“CRAB”) affirmance of the Medford Retirement Board’s (“Medford”) decision to deny plaintiffs application for accidental disability retirement benefits. Plaintiff argues that CRAB’s affirmance of Medford’s decision should be reversed because the decision was not supported by substantial evidence and was erroneous as a matter of law. For the reasons set forth below, CRAB’s decision is remanded for futher proceedings.
BACKGROUND
Plaintiff was hired by the City of Medford School Department as a Building Custodian on March 1, 1976 and was promoted on February 28, 1988 to Senior Building Custodian. As Senior Building Custodian, plaintiff was responsible for the supervision of the Boiler Man and Junior Custodian. In January 1990, plaintiff assumed the duties of the Boiler Man, which required him to climb the boiler ladder twice a day.
On March 13, 1990, plaintiff left work at noon complaining of pain in his left knee. On March 15, 1990, plaintiff sought medical attention at Harvard Community Health Plan, and was then referred to an orthopedic specialist who diagnosed plaintiffs injury as patella overuse syndrome and advised him not to work.
Plaintiff filed a notice of injury on March 20, 1990. On March 29, 1990, plaintiff returned to the doctor complaining of knee pain and on April 10, 1990, consulted Dr. John Grady, an orthopedic surgeon who also advised him not to work.
On May 14, 1990 plaintiff returned to work for the first time since sustaining his injury. On June 25, 1990 he again left work because he was unable to walk due to knee pain. Plaintiff continued to see Dr. Grady, and also sought a second opinion from another ortho *715 pedic surgeon, Dr. Brian Golden. In February 1992, plaintiff underwent an independent medical examination by Dr. Earl F. Hoerner.
Plaintiff, continuing to experience pain in his left knee, filed an application for accidental disability retirement benefits with the Medford Retirement Board on July 21, 1992. In accordance with G.L.c. 32, §§6 and 7, plaintiff was required to be examined by a regional medical panel, which was responsible for determining whether (1) plaintiff was mentally or physically incapacitated and substantially incapable of performing his job, (2) his incapacity is likely to be permanent, and (3) the incapacity is “such as might be the natural and proximate result of the personal injury sustained or hazard undergone on account of which retirement is claimed.”
In August and September 1992, plaintiff was individually examined by Drs. Richard Greenberg, Lawrence Shields and Forrest Maddix. Dr. Greenberg opined that plaintiff was not disabled, while Dr. Shields concluded that plaintiff suffered from a permanent disability, but found no causal connection. Only Dr. Maddix certified that plaintiff was permanently disabled and that his disability was causally related to an injury suffered at work.
On October 28, 1992, Medford denied plaintiffs application. Plaintiff subsequently appealed the decision to CRAB, which referred the case to its Division of Administrative Law Appeals (D.A.L.A.). After a hearing, D.A.L.A. affirmed Medford’s decision, on the basis that a majority of the regional medical panel “answered in the negative with respect to the existence of a disability”[2] and that “there is no basis on which to conclude that the majority employed an erroneous standard when answering in the negative.” On November 14, 1992, CRAB adopted D.A.L.A.’s findings and affirmed Medford’s denial of plaintiffs application. Plaintiff now appeals CRAB’s decision.
DISCUSSION
A reviewing court may set aside an administrative decision if it finds that the substantial rights of a party may have been prejudiced because the decision is defective under G.L.c. 30A, §14(7). The party appealing an administrative decision bears the burden of demonstrating the decision’s invalidity. Merisme v. Board of Appeals on Motor Vehicle Liab. Policies & Bds., 27 Mass.App.Ct. 470, 474 (1989); Faith Assembly of God v. State Bldg. Code Comm’n., 11 Mass.App.Ct. 333, 334 (1981), citing Almeida Bus Lines, Inc. v. Department of Pub. Utils., 348 Mass. 331, 342 (1965). The court’s review is confined to the record, except in cases of irregularities. G.L.c. 30A, §14(5). In reviewing the agency decision, the court is required to give due weight to the agency’s experience, technical competence, specialized knowledge, and discretionary authority. G.L.c. 30A, §14; Flint v. Commissioner of Pub. Welfare, 412 Mass. 416, 420 (1992); Seagram Distillers Co. v. Alcoholic Beverage Control Comm., 401 Mass. 713, 721 (1988); Quincy City Hosp. v. Labor Relations Comm’n., 400 Mass. 745, 748-49 (1987).
The court may affirm the decision of the agency, remand the matter for further proceedings, or set aside or modify the decision, if it determines that the substantial rights of a party may have been prejudiced because of an error of law, or that the decision is unsupported by substantial evidence, is unwarranted by facts found in the record, or is arbitrary, capricious or an abuse of discretion. G.L.c. 30A, §14. “Substantial evidence” is what a reasonable mind might accept as adequate to support a conclusion, Deacon Transportation, Inc. v. Department of Public Utilities, 388 Mass. 390, 395 (1983), and a court will not substitute its judgment for that of the agency when there is “substantial evidence.” See Boston Edison Company v. Boston Redevelopment Authority, 376 Mass. 151, 154 (1978).
Pursuant to G.L.c. 32, §7, an individual is entitled to receive accidental disability retirement benefits where the retirement board, supported by the certification of a regional medical panel, concludes that the person (1) is mentally or physically incapacitated, (2) such incapacity is likely to be permanent, and (3) the applicant was incapacitated “by reason of a personal injury sustained or a hazard undergone as a result of, and while in the performance of, his duties . . .”
1. Errors of Law
a. Dr. Greenberg’s Medical Evaluation
Plaintiff argues that Dr. Greenberg’s failure to review plaintiffs job description and medical records in his medical evaluation of plaintiff violated his right to a fair and impartial medical examination, and thát D.A.L.A.’s and CRAB’s reliance on Dr. Greenberg’s opinion therefore constituted an error of law.
G.L.c. 32, Sec. 6(3)(a) provides:
No member shall be retired for a disability under the provisions of this section or section seven unless he has been examined first by a regional medical panel and unless the physicians on such panel, after such examination, shall review the pertinent facts in the case, and such other written and oral evidence as the applicant and the employer may present to be reviewed in making a determination of the member’s medical condition.
The medical panel shall also be provided copies of all documents in the member’s file that “may be of assistance to the panel,” including the member’s statement of duties on Form 10-4. 840 C.M.R. §10.08(6).
Doctor Greenberg certified that he did not review a job description for plaintiff. A.R. at 31. That job description (“Statement of Applicant’s Duties,” A.R. at 59) states that plaintiff “cannot performany [sic] required duties, i.e., climbing, bending, lifting, etc.," required to be performed “[efyeryday” [sic]. Dr. Greenberg’s narrative focuses solely on the portion of plaintiffs duties requiring him to climb ladders, and, finding “no symptomatology . . . present in his knee,” id. at 34, concludes that he is not disabled from “performing his . . . particular job.” Id. at 30.
*716 Dr. Greenberg also concludes, however, that because plaintiff lacks “any positive physical findings in his left knee except the inability to squat,... this patient is able to return to his previous job at this time with no limitations.” A.R. at 34. Had Dr. Greenberg reviewed the Statement of Applicant’s Duties, which lists among those duties daily “bending, lifting, etc.,” he might well have concluded that plaintiffs inability to squat did disable him from performing the latter duties.
There is no evidence that Dr. Greenberg lacked any pertinent medical records. However, plaintiff was entitled to a medical opinion based upon a review of “the pertinent facts in the case,” G.L.c. 32, Sec. 6(3)(a), including an accurate description of plaintiffs job duties. The Court concludes that Dr. Greenberg’s opinion did not meet that standard, and therefore that the CRAB’s decision, based upon a medical evaluation which did not comply with the statute, was erroneous as a matter of law.
b. Dr. Shields’ Medical Evaluation
Plaintiff contends that Dr. Shields’ opinion was tainted because he was provided a copy of Dr. Greenberg’s medical evaluation before conducting his own medical evaluation of plaintiff. Plaintiff also claims that Dr. Shields improperly took plaintiffs obesity into consideration in his medical evaluation.
After completing a medical evaluation, the members of the regional medical panel must submit their findings to the board and certify that their findings were arrived at “independently of each other and free of undue influence . . .” G.L.c. 32, §6(3)(c).
Although Dr. Shields, unlike Dr. Greenberg, concluded that plaintiff is disabled, A.R. at 42, his conclusion is based not upon the plaintiffs knee problem but rather upon his obesity. Dr. Shields is thus in agreement with Dr. Greenberg that plaintiff is not disabled because of any knee condition. It is significant to the Court that Dr. Shields, under the heading “Present Illness,” cites and summarizes Dr. Greenberg’s findings. The Court cannot say that Dr. Shields’ opinion was not influenced by Dr. Greenberg’s, which the Court has found to be flawed. (The Court in no way means to suggest, however, that Dr. Shield’s certification of independence was not made in good faith.) Significant also is the fact that Dr. Maddix, who does not refer to Dr. Greenberg’s opinion, concluded that plaintiffs knee condition was a disabling, work-related injury.
Plaintiff cites Raymond Aubin’s Case, 92-J-417 (Mass.App.Ct. March 23, 1994) (Dreben, J., single justice), in support of his position that Dr. Shields’ reference to plaintiffs obesity in his medical evaluation constituted an error of law. In Aubin’s Case, the court vacated the review board’s decision approving an insurer’s discontinuance of employee benefits because the administrative judge failed to consider either the ability of the employee to work prior to the accident or the relationship between the accident, the employee’s sedentary state and his weight gain. The court remanded the case to the Department of Industrial Accidents to reconsider the causal relationship between the employee’s present disability and his industrial accident. In the present case, upon reexamination, the medical panel shall address that causal relationship.
2. Substantial Evidence
Plaintiff argues that Medford’s decision was not supported by substantial evidence because the majority of doctors on the regional medical panel certified that plaintiff was permanently disabled by a work related injury, and therefore that he is entitled to receive accidental disability retirement benefits. In view of the Court’s order for reexamination, the Court need not address this basis of plaintiffs appeal.
ORDER
For the reasons stated above, the decision of the Contributory Retirement Appeal Board is REMANDED FOR FURTHER PROCEEDINGS, to wit, reexamination of plaintiff by a regional medical panel in accordance with G.L.c. 32, Sec. 6 and 7, 840 C.M.R. Sec. 10.00 et seq., and this decision.

Administrative Magistrate Maria Imparato, Esq. noted in her decision that
Dr. Shields answered in the certificate that the appellant is disabled, but in his narrative, he indicates that the appellant is disabled by his obesity and his varicosities, not by his knee. This is actually a negative answer with respect to the existence of a disability.
Administrative Record (“A.R.”) at 22.