Donohue, J.
The plaintiff, Wally Bogus, has appealed from a decision of the Board of Appeals on Motor Vehicle Liability Policies and Bonds (“Board”) affirming the decision of his insurer to impose a surcharge which resulted from an accident he was involved in. For the following reasons, the Board’s decision to uphold the imposition of the surcharge is AFFIRMED.
BACKGROUND
According to the record submitted in this case, the plaintiff was involved in a motor vehicle accident on October 6, 1994, at approximately 12:50 p.m. The plaintiff was stopped in the exit lane from a McDonald’s restaurant in Medway, Massachusetts. It was his intention to drive directly across Route 109, a four-lane highway, and to enter a Mobil gas station across from him. At that point, Route 109 consisted of a divided road with two lanes in each direction. The plaintiff successfully crossed three lanes of traffic, but, when he entered the fourth lane he either struck, or was struck by, another vehicle. Two witnesses were interviewed and both described the accident as being the fault of the plaintiff.
The police who arrived to investigate the scene issued two citations to the plaintiff: one for failure to grant right of way; and the second for failure to use caution. In a subsequent proceeding in Milford District Court the judge found the plaintiff to be “not responsible” for both citations.
The plaintiffs insurer, Safety Insurance Co., determined that the plaintiff was more than 50% at fault in the accident and imposed a surcharge on him. The plaintiff appealed this imposition to the Board of Appeal on Motor Vehicle Liability Policies and Bonds (“Board”) which upheld the decision of the insurer. The case is presently before this court on the plaintiffs application for review pursuant to G.L.c. 30A, sec. 14.
DISCUSSION
Judicial review is granted pursuant to G.L.c. 30A §14 and G.L.c. 175 §113P. Review is confined to the administrative record, except in cases of irregularities. G.L.c. 30A §14(5). The court may affirm, set aside or modify the decision if it is determined that substantial rights of a party may have been prejudiced based on an error of law; the decision is unsupported by substantial evidence; or is arbitrary, capricious or an abuse of discretion. G.L.c. 30A §14(7). “Substantial evidence” is what a reasonable mind might accept as *310 adequate to support a conclusion. G.L.c. 30A §1 (6); Deacon Transportation, Inc. v. Department of Public Utilities, 388 Mass. 390, 395 (1983). A court will not substitute its judgment for that of the agency when there is “substantial evidence.” Seagram Distillers Co. v. Alcoholic Beverage Control Comm’n, 401 Mass. 713, 721 (1988). Judicial review is not a trial de novo on the record before the administrative agency. Southern Worcester County Reg. Vocational School Dist. v. Labor Relations Commission, 386 Mass. 414, 420 (1982).
The party appealing an administrative decision bears the burden of demonstrating the decision’s invalidity. Merisme v. Board of Appeals on Motor Vehicle Liab. Policies & Bds., 27 Mass. App. Ct. 470, 474 (1989); Faith Assembly of God v. State Bldg. Code Comm’n., 11 Mass. App. Ct. 333, 334 (1981), citing Almeida Bus Lines, Inc. v. Department of Public Utilities, 348 Mass. 331, 342 (1965). In reviewing the agency decision, the court is required to give due weight to the agency’s experience, technical competence, specialized knowledge, and the discretionary authority conferred upon it by the state. Flint v. Commissioner of Pub. Welfare, 412 Mass. 416, 420 (1992); Seagram, supra at 721 (1988).
Plaintiff contends that the Board’s decision was not supported by substantial evidence. “Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion.” Bournewood Hosp., Inc. v. Massachusetts Comm’n against Discrimination, 371 Mass. 303, 317 (1976), citing G.L.c, 30A, §1(6). This court therefore reviews the record to determine if the Board’s decision was based on substantial evidence.
Pursuant to G.L.c. 175 §113P, the Board has established “standards of fault” to be used in determining if a driver is more than fifty percent at fault in causing an accident. These presumptions as to fault are determinative unless a showing to the contrary is demonstrated by the evidence presented at the hearing. 211 C.M.R. §74.03. If the application of the presumption is supported by the evidence, the presumption is sufficient to meet the substantial evidence standard. DiLoreto v. Fireman’s Fund Insurance Co., 383 Mass. 243, 249 n. 5 (1981).
The Board had before it, in lieu of a personal appearance by the plaintiff, the police report, written statements of the driver and occupant of the other vehicle, witness statements, and the written statement of the plaintiff. The applicable standard of fault in the instant case is 211 C.M.R. §74.04(17) and the Board’s decision to uphold the surcharge was based upon this presumption.[2]
In order to rebut the presumption, plaintiff must submit some evidence to the contrary. Plaintiff argues that the District Court held that he was “not responsible” for the citations issued to him by the officer investigating the accident and, therefore, he should not be held to be more them 50% at fault by the Board. In support of his position, a recent Superior Court decision held that where a district court judge has adjudicated and determined an issue, the Board is bound by that determination unless it can be demonstrated that the evidence before the Board was substantially different from that which the district court heard. Sidman v. Board of Appeal on Motor Vehicle Liability Policies and Bonds, Supr. Ct., Middlesex, C.A. No. 96-0422, 5 Mass. L. Rptr. 532, June 18, 1996 (Lopez, J.).
The facts and law contained in the Sidman decision differ from the present case in a significant manner. In Sidman, the plaintiff had been cited for failing to stop at a red light. The district court subsequently held that the plaintiff was “not responsible” for the citation. At the Board hearing regarding the surcharge, the Board made a determination that the plaintiff was more than 50% at fault based upon the presumption contained in 211 C.M.R. sec. 74.04(8) which states that a driver who fails to obey a traffic signal and thereafter collides with a motor vehicle shall be presumed to be more than 50% at fault. On appeal, the Superior Court judge pointed out that “it would create an irrational result if an administrative agency were not subsequently bound by the decision” of the district court on that very same issue. Id. In the Sidman case, the Board’s decision was based “solely on a finding that [the plaintiff] drove through the red light.”
In ihis case, however, the relevant regulation provides generally that a driver who does no more than leave or exit from a parking lot or driveway and is involved in a collision is presumed to be more than 50% at fault. 211 C.M.R. 74.04(17). The district court’s dismissal of the citations for failure to grant right of way or for failure to use caution are findings which are not necessarily material to the Board’s finding. It is within the purview of the Board to have decided that the plaintiff did yield or did exercise caution but was still at fault in excess of 50%.
Accordingly, the Board’s decision upholding the surcharge is AFFIRMED.
ORDER
For the foregoing reasons, the decision of the defendant Board of Appeal on Motor Liability Policies and Bonds is AFFIRMED.

 Leaving or exiting from a parked position, parking lot, alley or driveway. An operator of a vehicle subject to the Safe Driver Insurance Plan which, while leaving or exiting from a parked position, parking lot, alley, or driveway, is in a collision with another vehicle, shall be presumed to be at fault in excess of 50%.