Neel, J.
This matter is before the Court on plaintiffs, Nellie Morelli (“Morelli”), motion for judgment on the pleadings pursuant to Mass.R.Civ.P. 12(c). Morelli seeks reversal of a decision by the Board of Appeal on Motor Vehicle Liability Policies and Bonds (“Board”) upholding the imposition of a surcharge on Morelli by her automobile insurance company, Metropolitan Property and Casualty Insurance Company. For the reasons stated below, the Board’s decision is affirmed.
BACKGROUND
At approximately 6:00 p.m. on September 20, 1997, Morelli was involved in a single car accident on the Middlesex Turnpike in Burlington, Massachusetts. According to Morelli, she was traveling at about fifteen miles per hour when it began to rain heavily, reducing visibility. She considered pulling over and stopping, but was concerned that she would be hit from behind. The accident occurred when Morelli applied her brakes and the car skidded to the left, striking a signpost on an island median. The sign fell on her car, causing damage in excess of $2500. Morelli was subsequently surcharged for the accident.
Pursuant to 211 C.M.R. §§74.03[2] and 74.04(19),[3] which provide that a person involved in a one car accident is presumed to be more than fifty percent at fault, the Board determined that Morelli was at fault, and upheld the surcharge. Morelli now appeals that decision.
DISCUSSION
Judicial review of this matter is provided under G.L.c. 30A, §14 and G.L.c. 175, §113P, which authorize the Court to affirm the decision of the agency, remand the matter for further proceedings, or set aside or modify the decision if the Court determines that the substantial rights of a party may have been prejudiced because of an error of law, or that the Board’s decision is unsupported by substantial evidence, is unwarranted by the facts found in the record, or is arbitrary, capricious or an abuse of discretion. G.L. 30A, §14(7). As the party appealing an administrative decision, Morelli bears the burden of demonstrating the decision’s invalidity. See Merisme v. Board of Appeals on Motor Vehicle Liability Policies and Bonds, 11 Mass.App.Ct. 470, 474 (1989); Faith Assembly of God v. State Bldg. Code Comm’n, 11 Mass.App.Ct. 333, 334 (1981), citing Almeida Bus Lines, Inc. v. Department of Public Utilities, 348 Mass. 331, 342 (1965).
In reviewing the agency decision, the court is required to give due weight to the “experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it.” Flint v. Commissioner of Public Welfare, 412 Mass. 416, 420 (1992); Seagram Distillers Co. v. Alcoholic Beverages Control Comm’n, 401 Mass. 713, 721 (1988). The agency is the sole judge of the credibility and weight of the evidence before it during the administrative proceeding. Greater Media Inc. v. Department of Public Utilities, 415 Mass. 409, 417 (1993). Further, the reviewing court may not substitute its judgment for that of the agency. Southern Worcester County Regional Vocational School District v. Labor Relations Comm’n, 386 Mass. 414, 420-21 (1982) (citations omitted).
The decision of the agency shall be upheld if supported by substantial evidence, that is, “such evidence as a reasonable mind might accept as adequate to support a conclusion." Cherubino v. Board of Registration of Chiropractors, 403 Mass. 350, 354 (1988), quoting G.L.c. 30A, §1(6). Further, the Board’s reliance on a codified rebuttable presumption to determine fault, which is not rebutted, constitutes substantial *208 evidence. See DiLoreto v. Fireman’s Fund Ins. Co., 383 Mass. 243, 249 n.5 (1981).
Morelli contends that the standard of fault used by the Board was rebutted and overcome on the facts of her case. A review of the record reveals, however, that the Board’s decision is supported by substantial evidence. Morelli argues that she was not at fault for the accident because of the road conditions, and that if there had not been a heavy rain downpour, there would not have been an accident. However, Morelli was fully aware of the road conditions and elected to continue driving. Further, Morelli had a duty to maintain control of her vehicle and the fact that there was a downpour did not relieve of her of that duly. She did not maintain control of her vehicle and skidded onto the traffic island and hit a sign. At the stated speed of 15 miles per hour, Morelli should have been able to stop or slow her vehicle without skidding across the road.
In short, there is substantial evidence in the record to support the Board’s conclusion that “Morelli failed to exercise due care in the control and operation of [her] vehicle because [her] actions were the cause of the collision, which could have been avoided,” and that “the presumption of fault, together with the evidence presented, provides substantial evidence to support the conclusion that . . . Morelli is more that 50% at fault.”
ORDER
For the reasons stated above, the decision of the Board is AFFIRMED.

 211 C.M.R. §74.03 provides in part: “The presumptions raised as to an operator being more than 50% at fault . . . shall be considered determinative unless and until the operator overcomes the presumptions by producing sufficient evidence.”

 211 C.M.R. §74.04(19) provides: “The operator of a vehicle subject to the Safe Driver Insurance Plan shall be presumed to be more than 50% at fault when operating the only vehicle involved in a collision.”