Lauriat, J.
Paula Larkowich (“Larkowich”), acting for Pauline Melican (“Melican”) under a durable power of attorney, is seeking judicial review of the denial of Melican’s application for long-term care benefits by the Division of Medical Assistance (“DMA”). Melican has now moved for judgment on the pleadings. Mass.R.Civ.P. 12(c); Superior Court Standing Order 1-96. For the following reasons, Melican’s motion is allowed.
BACKGROUND
On or about June 24, 2003, Larkowich, acting on behalf of Melican, her mother, under a durable power of attorney, applied to the DMA for MassHealth long-term care benefits. On or about June 30, 2003, the DMA requested further documentation from Melican for its review of her eligibility. On July 28, 2003, MassHealth sent a notice of denial of eligibility based on Melican’s failure to provide that documentation.
On August 19, 2003, Larkowich appealed that denial to the Office of Medicaid Board of Hearings (“the Board”). The Board determined that the appeal did not contain sufficient information to be processed, and attempted to contact the applicant’s listed representative, Peter Larkowich (“Mr. Larkowich”), by phone on several occasions. At one time, the DMA was not able to leave a message due to a full voicemail box, and on another occasion, the DMA did not receive a call back. On September 18, 2003, the Board dismissed the first appeal by a written notice sent to Melican at her nursing home address, but notified her that if within ten days, she provided the documentation that the Board had requested, the dismissal would be vacated. At that time, the Board was not aware that Larkowich was Melican’s authorized representative. The Board did not receive a timely further response from Melican and her appeal remained dismissed.
On August 6, 2003, Larkowich began the reapplication process suggested in the DMA’s July 28, 2003 denial. On September 12, 2003, the DMA again denied Melican’s application. On September 23, 2003, Larkowich filed an appeal of this denial with the Board, and on October 17, 2003, she faxed her power of attorney to the Board. On November 6, 2003, the Board sent a notice to Larkowich of a hearing scheduled for November 17, 2003. Neither Melican nor her representative appeared before the DMA on the scheduled hearing date. The Board thereupon dismissed the appeal, again subject to its dismissal being vacated upon request made within ten days. No timely request was made to the Board to vacate its second dismissal.
On February 5, 2004, Mr. Larkowich wrote a letter to Beth Waldman, Medicaid Director, requesting that the hearing originally scheduled for November 17, 2003, be rescheduled. In support of this request, Mr. Larkowich explained that neither he nor his wife, *571 Larkowich, received any of the notices that had been sent to their home due to difficulties with mail delivery in their neighborhood. In a letter dated February 10, 2004, Kim Larkin, Board of Hearings Director, advised Mr. Larkowich that his request was untimely, and that his request to vacate both dismissals of the appeals was therefore denied.
DISCUSSION
Judicial review of the DMA’s decision is governed by G.L.c. 30A, §14. Pursuant to G.L.c. 30A, §14(7)(e), the court’s review of the DMA’s “determination is limited to whether it was supported by substantial evidence, which is ‘such evidence as a reasonable mind might accept as adequate to support a conclusion.’ ” Faith Assembly of God v. State Building Code Commission, 11 Mass.App.Ct. 333, 334 (1981). Review must be confined to the Administrative Record, and the burden is on the plaintiff to demonstrate the invalidity of the board’s decision. Id. The court “must defer to the agency’s fact-finding role, including its right to draw inferences from the facts found.’’ School Committee of Brookline v. Bureau of Special Education Appeals, 389 Mass. 705, 716 (1983). “It is not open to the court to question the wisdom of the [board’s] exercise of its duly delegated power . . . and a court . . . should search for some reasonable ground which reasonable [persons] would regard as a proper basis for the agency’s action.” Hotchkiss v. State Racing Commission, 45 Mass.App.Ct. 684, 692 (1998) (citations omitted). Further, the burden is on the party challenging the administrative agency ruling to show that the decision was invalid. Faith Assembly of God, 11 Mass.App.Ct. at 334.
In Massachusetts, the regular course of the mails is presumed. See Holiver v. Depart. of Public Works, 127 N.E.2d 790 (1955); Federal Insurance Company v. Summers, 403 F.2d. 971 at 975 (1968) (Massachusetts law does not require evidence or judicial notice of regularity of mails because it is presumed). Therefore, evidence indicating that a piece of mail was sent by the post office, and properly addressed with the requisite postage, raises the presumption that it was received. Anderson v. Inhabitants of Town of Bellerica, 36 N.E.2d 393 (1941). Once it is shown that the mail in question was sent, this constitutes prima facie evidence of the addressee’s receipt of that mail. Id. However, once there is evidence that the mail in question was not received, the question then becomes one of fact. Id.; Huntley v. Whittier, 105 Mass. 391 (1870). Thus, the prima facie evidence is rebuttable.
In the present case, the administrative record shows that the Board sent the hearing notice to Larkowich. However, there is no evidence of her actual receipt of the notice of the hearing scheduled for November 17, 2003. Mr. Larkowich presented evidence that rebutted the presumption of receipt in his letter dated February 5, 2004, in which he explained that it was not until that date that he and his wife learned of the scheduled hearing date. The Board did not consider the merits of Larkowichs’ assertions as to their non-receipt of the mail, but instead, ruled that the February 5, 2004 request was untimely. The Board’s failure to consider Larkowich’s evidence and explanation for non-receipt of its notices does not constitute reasonable grounds to support its conclusion. Therefore, this matter is remanded to the DMA for a further hearing to consider the issue of Melican’s receipt of the Board’s notices.
ORDER
For the foregoing reasons, the Plaintiffs Motion for Judgment on the Pleadings is ALLOWED, and this matter is remanded to the Division of Medical Assistance for further hearing on the issue of Melican’s receipt of the Board of Hearings notices dated September 18, 2003 and November 17, 2003.