ANTOINETTE BURKE vs. CONTRIBUTORY RETIREMENT
APPEAL BOARD & another.[1]

No. 91-P-255.

Middlesex. March 10, 1992. - March 12, 1993.

Present: ARMSTRONG, FINE, & JACOBS, JJ.

*Retirement. Contributory Retirement Appeal Board. Administrative Law,*
    Judicial review, Findings. *Public Employment*, Retirement, Accidental
    death benefits. *Evidence*, Before quasi-judicial tribunal, Expert opinion.
    *Proximate Cause.*

In a proceeding by a retired police officer's surviving spouse claiming acci-
    dental death benefits under G. L. c. 32, § 9(1), which extends acciden-
    tal death benefits to survivors of those retired for accidental disability
    only where the disability and the later death result from the same per-
    sonal injury or hazard, the Contributory Retirement Appeal Board, in
    denying the plaintiff accidental death benefits, was entitled to reject ex-
    pert medical opinion that the back injuries which precipitated the of-
    ficer's retirement also aggravated his preexisting cardiovascular disease
    and bore a causal connection to his subsequent death from a heart at-
    tack, and to accept the contrary opinion of an expert engaged by the
    board under G. L. c. 32, § 16(4), third par. [213-216]

CIVIL ACTION commenced in the Superior Court Depart-
ment on April 24, 1989.

The case was heard by *Gerald F. O'Neill, Jr.,* J.

*Philip S. Nyman (Kathryn Stevens* with him) for the
plaintiff.

*Thomas A. Hickey, III (Eric J. Pyenson* with him) for
Lowell Retirement Board.

ARMSTRONG, J. The plaintiff, an applicant for accidental
death benefits under G. L. c. 32, § 9(1), appeals from a
judgment affirming the adverse decision of the Contributory
Retirement Appeal Board (board). The plaintiff's husband,

---

[1]Lowell retirement board.

Raymond Burke, was a Lowell police officer until he retired for disability on September 29, 1978. He suffered at that time from a disabling lower back condition that was the result of two discrete traumatic episodes in the course of his official duties. He also suffered at that time from advanced cardiovascular disease. In his application for accidental disability retirement, Burke identified the first back injury as the "personal injury sustained or hazard undergone by reason of which [he] claim[ed] to be incapacitated."[2] The regional medical panel called for by G. L. c. 32, § 6(3), as in effect prior to St. 1982, c. 630, § 17, reported by independent certifications[3] that Burke was incapacitated for duty as a police officer, that the disability was likely to be permanent, and that said "disability [was] such as might be the natural and proximate result of the accident or hazard undergone on account of which retirement is claimed."[4] All three physicians identified the back condition as the disabling condition; one also listed hypertension and vascular disease as disabling conditions.[5]

In 1982, Burke died of a heart attack, and the plaintiff sought accidental death benefits as a surviving spouse under

---

[2]The answer was, "Back injury - Totman Road - Day Shift - Lowell, Mass. - 7-29-75." On that day he fell through a window, catching his foot and twisting his back. The second incident was in 1978, when he reinjured his back while dragging an intoxicated prisoner.

[3]General Laws c. 32, § 6(3)(*c*), as amended by St. 1973, c. 543, authorized the panel members to conduct independent examinations of applicants for accidental disability retirement and to certify their findings separately.

[4]The quoted words are those of G. L. c. 32, § 6(3)(*a*), both then and now. The physicians' certificates were made on a standard form that called for a "yes" or "no" answer to the quoted language. See *Malden Retirement Bd.* v. *Contributory Retirement Appeal Board*, 1 Mass. App. Ct. 420, 422 n.3 (1973).

[5]This was the certificate of Dr. Leonard Hall. The certificate of Dr. Denis King mentioned only the back condition. On a separate form ("Physician's report"), however, Dr. King listed, in addition to the back condition, hypertension and arteriosclerosis as "subjective and objective symptoms of which said person [i.e., Burke] complains," and stated that he was incapacitated "by reason of the above-described conditions." Dr. King added the "s" at the end of "condition"; the physician's report form employs the singular.

G. L. c. 32, § 9(1) and (2)(*a*). If Burke had been in active service at the time of his death, the plaintiff's eligibility for accidental death benefits would turn on whether Burke "died as the natural and proximate result of a personal injury sustained or a hazard undergone as a result of, and while in the performance of, his duties" (G. L. c. 32, § 9[1], as appearing in St. 1945, c. 658, § 1).[6] Although Burke was not a member in service at the time of his death, the provisions of § 9(1) apply "although such member had previously been retired for accidental disability if the board[7] finds that such death was the natural and proximate result of the injury or hazard on account of which such member was retired." The record offers no support for the plaintiff's position that her husband was in fact retired on disability *both* for the back condition *and* for his cardiovascular disease. The board reached the only conclusion possible on the record: that the plaintiff's husband had in fact been retired for disability due only to his back condition. At most, only one of the three physicians whose certifications were necessary for retirement on accidental disability so certified with respect to Officer Burke's cardiovascular disease. See *Kelley* v. *Contributory Retirement Appeal Bd.*, 341 Mass. 611, 615-617 (1961); *Malden Retirement Bd.* v. *Contributory Retirement Appeal Bd.*, 1 Mass. App. Ct. 420, 423-425 (1973).

Nothing in *Namay* v. *Contributory Retirement Appeal Bd.*, 19 Mass. App. Ct. 456 (1985), was meant to undermine the statutory requirement that accidental death benefits are

---

[6]Section 9(1) goes on to state, "at some definite place and at some definite time"; but, in keeping with the apparent intention of the Legislature when, by St. 1945, c. 658, § 1, it changed "accident" to "personal injury" in §§ 7(1) and 9(1), the latter section is held not to exclude injuries of a progressive or cumulative nature caused by conditions at work. See *Baruffaldi* v. *Contributory Retirement Appeal Bd.*, 337 Mass. 495, 500-501 (1958); *Zavaglia* v. *Contributory Retirement Appeal Bd.*, 345 Mass. 483, 485-486 (1963). No corresponding change was made in § 6(3), apparently by inadvertence.

[7]"Board" refers, in the first instance, to Lowell's retirement board. Where an appeal is taken, it refers to the Contributory Retirement Appeal Board. See *Namay* v. *Contributory Retirement Appeal Bd.*, 19 Mass. App. Ct. 456, 461-462 (1985).

available for survivors of employees previously retired for accidental disability only where both the disability and the death stem from the same personal injury or hazard. In the case of Dr. Namay, a prison physician, the same injury, a beating by a prison inmate, which caused the disabling heart attack and led to the doctor's retirement on accidental disability was alleged to have been the cause of his brain tumor and subsequent death.[8] In this case Dr. Sanella's opinion constituted evidence, analogous to that in *Namay v. Contributory Retirement Appeal Bd.*, that Officer Burke's back injuries which precipitated his retirement also aggravated his preexisting cardiovascular disease and bore a causal relationship to his death. The board rejected this evidence, relying instead on the opinion of Dr. Tifft to the contrary. As the medical evidence was in conflict (contrast *Robinson v. Contributory Retirement Appeal Bd.*, 20 Mass. App. Ct. 634, 639-641 [1985]), the board, as the finder of fact, could properly reject the evidence of the requisite causal connection.

There is no question on the record that Officer Burke suffered from serious cardiovascular disease at the time of his retirement. Had his application for accidental disability retirement been predicated on cardiovascular disease, the retirement board would have had to determine whether the cardiovascular disease was work related. It was not called upon to do so, however, because Officer Burke was retired instead for an unrelated, disabling condition. The heart attack came when Officer Burke was no longer in active service. Accidental death benefits are normally afforded only to survivors of employees who, at the time of death, were in active service. By the last sentence of § 9(1),[9] accidental death benefits are also extended to survivors of those retired

---

[8]Because the board had made no finding, positive or negative, as to the requisite causal relationship, 19 Mass. App. Ct. at 458, the case was remanded for further fact finding. *Namay v. Contributory Retirement Appeal Bd.*, *supra* at 463-464.

[9]"The provisions of this section shall apply although such member had previously been retired for accidental disability if the board finds that such death was the natural and proximate result of the injury or hazard on account of which such member was retired."

for accidental disability, in the single situation where the disability and the later death result from the same personal injury or hazard. Where, as here, that is found not to be the fact, survivors of an inactive employee (e.g., one previously retired due to age or non-job-related disability) are ineligible for accidental death benefits, even if they establish a causal connection between the condition causing death and the employee's prior work. Such survivors are remitted instead to the less generous benefits generally afforded to survivors of retired employees under the provisions of G. L. c. 32, § 12.

For the reasons stated by the judge, there was no error in the board's engagement of Dr. Tifft under G. L. c. 32, § 16(4), third par., or in accepting his opinion over that of Dr. Sanella. Nothing in *Robinson* v. *Contributory Retirement Appeal Bd.*, 20 Mass. App. Ct. at 640, required the board to articulate reasons for preferring one medical opinion over another.[10]

*Judgment affirmed.*

---

[10]The *Robinson* case involved a rejection by the Contributory Retirement Appeal Board of uncontradicted expert medical testimony.