Garsi-i, J.
Pursuant to G.L.c. 30A, §14, the plaintiff, the Public Employee Retirement Administration (“PERA”), appeals from a decision of the defendant, the Contributory Retirement Appeal Board (“CRAB”), awarding accidental death benefits to co-defendant, Loretta Hurley, the surviving spouse of Robert Hurley. PERA challenges the decision of CRAB on the grounds that it is wrong as a matter of law. For the reasons stated below, CRAB’s decision is set aside.
BACKGROUND
Robert Hurley (“Hurley”) was employed as a firefighter for the City of Quincy from 1954 through 1977. In 1976, he was diagnosed as having leukemia. On July 31, 1977, Hurley retired, taking a superannuation retirement pursuant to G.L.c. 32, §12(2), option (c), permitting his spouse to continue receiving his monthly retirement allowance after his death. In November of 1991, a physician advised Hurley’s attorney that firefighters are at risk for developing leukemia because of their exposure to carcinogens. Hurley did not apply for accidental disability benefits then or at any other time and, on March 1, 1992, he died from chronic leukemia.
After his death, Hurley’s spouse filed an application for accidental death benefits pursuant to G.L.c. 32, §9. The Quincy Retirement Board approved the application, citing as the basis of its decision medical evidence that Hurley’s leukemia was “more likely than not” contracted as the result of his employment as a firefighter. PERA twice disapproved of the application on the grounds that it cannot be approved as a matter of law since Hurley was neither a member in service nor a member who had previously been retired for accidental disability.
PERA’s decision was appealed to CRAB. An Administrative Magistrate of the Division of Administrative Law Appeals upheld PERA’s decision “based on the facts,” but not on the law relied upon by PERA. CRAB, without discussing the statutory construction arguments made by PERA, overturned the Magistrate’s decision, finding no basis to reject the expert medical evidence relied upon by the Quincy Retirement Board in making its findings. CRAB stated that “[i]n order to award accidental death benefits in this case, the Appellant’s husband’s death must have been a ‘natural and proximate result of a personal injury sustained or hazard undergone as a result of, and in the performance of his duties.’ G.L.c. 32, §9.” CRAB does not quote from any other part of §9. Pursuant to G.L.c. 30A, §14, PERA appealed CRAB’s decision to this court.
DISCUSSION
The party appealing an administrative decision bears the burden of demonstrating the decision’s invalidity.[2] Merisme v. Board of Appeals, 27 Mass.App.Ct. 470, 474 (1989); Faith Assembly of God v. State Building Code Comm’n, 11 Mass.App.Ct. 333, 334 (1981), citing Almeida Bus Lines, Inc. v. Department of Public Utilities, 348 Mass. 331, 342 (1965). In reviewing an agency’s decision, the court is required to give due weight to the agency’s experience, technical competence, specialized knowledge, and the discretionary authority conferred upon it by statute. Flint v. Commissioner of Public Welfare, 412 Mass. 416, 420 (1992); Seagram’s Distiller Co. v. Alcoholic Beverages Control Comm’n, 401 Mass. 713, 721 (1988). But“[a]n erroneous interpretation of a statute by an administrative agency is not entitled to deference.” Woods v. Executive Office of Communities & Development, 411 Mass. 599, 606 (1992).
PERA asks that the CRAB decision be set aside because it is based upon an error of law. The sole issue presented by this appeal is whether a beneficiary may seek accidental death benefits when, at the time of death, the decedent was neither a member in service nor had previously been retired for accidental disability.[3]
G.L.c. 32, §9(1) sets out the conditions for allowance of accidental death benefits. It authorizes the distribution of such benefits to designated beneficiaries where
[the] member in service died as the natural and proximate result of a personal injury sustained or a hazard undergone as a result of and while in the performance of, his duties .... The provisions of this section shall apply although such member had previously been retired for accidental disability if the board finds that such death was the natural and proximate result of the injury or hazard on account of which such member was retired.
G.L.c. 32, §9(1). A “member in service” is defined as “(a]ny member who is regularly employed in the performance of his duties . . G.L.c. 32, §3(l)(a)(i). After retirement, a member becomes a “member inactive.” G.L.c. 32, §3(l)(a)(ii).
CRAB relied entirely on language from the first sentence of Section 9 to the effect that, in order to obtain accidental death benefits, a spouse-applicant must prove that her husband’s death was a “natural and proximate result of a personal injury sustained or hazard undergone as a result of, and in the performance of, his duties.” The fact that this sentence refers to a “member in service" was not mentioned by CRAB. “If [Hurley] had been in active service at the time of his death, [Loretta Hurley’s] eligibility for accidental death benefits would turn on whether” Hurley’s death bore the causal relationship to his work described by CRAB. Burke v. Contributory Retirement Appeal Board, 34 Mass.App.Ct. 212, 214 (1993). Hurley was not, however, a member in service at the time of his death because he had retired when he elected to collect superannuation benefits. The relevant language in §9(1) is, therefore, the last, not the first, sentence.
*599 Although Hurley was not a member in service at the time of his death, and even though “[a]ccidental death benefits are normally afforded only to survivors of employees who, at the time of death, were in active service!,] [b]y the last sentence of §9(1), accidental death benefits are also extended to survivors of those retired for accidental disability in the single situation where the disability and the later death result from the same personal injury or hazard.” Id. at 215-16 (footnotes omitted) (emphasis added). Because Hurley was never retired for accidental disability, the requisite finding that his death was the result of the same injury or hazard on account of which he was retired could not have been made. “Where, as here, that [causal connection] is found not to be the fact, survivors of an inactive employee (e.g., one previously retired due to age or non-job-related disability) are ineligible for accidental death benefits, even if they establish a causal connection between the condition causing death and the employee’s prior work.” Id. at 216.
CRAB’S construction of §9(1) would lead to the following incongruous result: The spouse of an inactive employee who had received accidental disability retirement benefits predicated upon one condition cannot recover accidental death benefits if the death of that employee is caused by an unrelated disabling condition sustained as a result of the performance of his duties. Id. On the other hand, the spouse of an inactive employee who had not received accidental disability retirement benefits, may recover accidental death benefits upon proof that the death of that employee is caused by a disabling condition sustained as a result of the performance of his duties. Nothing in State Retirement Board v. Contributory Retirement Appeal Board, 12 Mass.App.Ct. 306 (1981), upon which the applicant relies, requires such a dichotomy.
In that case, the Court held that the eligibility of a member applying for accidental disability retirement under G.L.c. 32, §7, hinges on whether the employee, at the time of the accident, would have qualified as a “member in service” under G.L.c. 32, §3(l)(a)(i). Id. at 308. In reaching its holding, the Court relied upon another section of the statute, G.L.c. 32, §3(l)(c), which provides, in part, that “[a] member shall retain his membership in the system so long as he is living and entitled to any present or potential benefit therein.” Id. That provision, by its express language, obviously has no impact on the rights of the beneficiary of a deceased, inactive member. See also Gannon v. Contributory Retirement Appeal Board, 338 Mass. 628, 632 (1959) (“a former employee, [otherwise] entitled [to benefits], shall have whatever status is necessary to permit him to make application for that allowance notwithstanding that in the meantime he has ceased to be a ‘member in service’ within the provisions of §3(l)(a)(i)’j.
Under the State Retirement Board rationale, Hurley might well have been eligible to collect accidental disability benefits if he had only applied for them subsequent to his superannuation retirement. He did not, even after his attorney secured a medical opinion that Hurley’s leukemia was causally linked to his employment as a fire fighter. If Hurley had applied for and received accidental disability retirement benefits, then his spouse would have been eligible to seek accidental death benefits.
In sum, CRAB made an error of law in relying upon the first sentence of §9(1), which is applicable only to employees who, at the time of death, were in active service. PERA is correct that the last sentence of §9(1) governs the application here and that the application must be denied because Ms. Hurley is not a survivor of a member who retired for accidental disability and later died on account of the same condition. As a mater of law, the applicant does not qualify to collect accidental death benefits under §9(1).
ORDER
For the foregoing reasons, it is hereby ORDERED that the decision of the Contributory Retirement Appeal Board be VACATED and the matter be remanded for further proceedings consistent with this decision.

The court may only set aside an agency’s decision if “it determines that the substantial rights of any party may have been prejudiced because the agency decision” was (1) violative of the constitution; (2)in excess of the authority of the agency: (3) based on an error of law; (4) made on unlawful procedure; (5) unsupported by substantial evidence; (6) unwarranted by facts found by the Court on the record, in instances where the court is constitutionally required to make independent findings of fact; (7) arbitrary and capricious, or “otherwise not in accordance with the law.” G.L.c. 30A, §14(7)(a)-(g).

PERA’s Memorandum raises several additional issues, all of which were waived at oral argument.