GEORGE VEST *vs.* CONTRIBUTORY RETIREMENT APPEAL
BOARD & another.[1]

No. 95-P-289.

Suffolk. June 5, 1996. - August 22, 1996.

Present: KASS, SMITH, & FLANNERY, JJ.

*Public Employment,* Accidental disability retirement, Police. *Police,*
Incapacity.

An employee who left government service without an established disability
may not, after termination of government service, claim accidental dis-
ability retirement status on the basis of a subsequently matured disabil-
ity. [193-194]

CIVIL ACTION commenced in the Superior Court Depart-
ment on September 22, 1993.

The case was heard by *Joseph A. Grasso, Jr.,* J.

*Paul T. Hynes* for the plaintiff.

*Nicholas Poser* for Boston Retirement Board.

KASS, J. This much is common ground: if Vest had become
totally incapacitated from performing the work of a police
detective prior to the termination of his employment with the
Boston police department, and that incapacity were causally
connected to the performance of his duties, then he could
receive accidental disability retirement benefits under G. L.
c. 32, § 7(1), even though by the time he applied for those
benefits he was no longer in the employ of the city. See *State
Retirement Bd.* v. *Contributory Retirement Appeal Bd.,* 12
Mass. App. Ct. 306, 307 (1981); *Retirement Bd. of Andover* v.
*Contributory Retirement Appeal Bd.,* 15 Mass. App. Ct. 1003,
1004 (1983). So far as the Boston retirement board, the Con-

---

[1]Boston Retirement Board. The Contributory Retirement Appeal Board
did not file a brief and relied on the arguments presented by the Boston
retirement board.

tributory Retirement Appeal Board (CRAB), and the Superior Court judge who conducted judicial review under G. L. c. 30A, § 14, were concerned, the decisive question was whether, on the administrative record, there was substantial evidence to support their determination that Vest was not disabled while in service as a police officer. Throughout the proceedings, Vest's position has been that, if a work related illness or injury had manifested itself during employment, albeit not so grave as to be incapacitating, Vest was entitled to accidental disability retirement benefits even if disability became apparent only after separation from employment for reasons other than disability. We affirm the judgment of the Superior Court.

Vest, who had joined the Boston police department in 1968, was first diagnosed as hypertensive in 1973. Six years later, his physician, Dr. Chava Chapman, discovered him to be suffering from diabetes mellitus as well. She started him on insulin therapy and continued a combination of medications to lower his blood pressure. In 1984, Vest had an incident of chest pain. Dr. Chapman, after taking and reading an electrocardiogram, found evidence of an old anteroseptal myocardial infarction that had, apparently, not presented symptoms. Vest returned to work without incident although two colleagues thought he was "not as lively as he was in the past." On July 10, 1985, Vest's employment with the Boston police ended for reasons not connected in any way with his physical condition; i.e., his was a nonmedical termination. On August 14, 1989, four years after discharge from the police force, Vest applied for accidental disability retirement under G. L. c. 32, §§ 7(1) and 94.

A regional medical panel concluded that Vest was, indeed, incapacitated by high blood pressure and diabetes, that his incapacity was causally related to his employment, and that the condition was very likely permanent. The Boston retirement board put to the medical panel the further question whether that disability had existed at the time Vest left active service, namely July 10, 1985. The medical panel reviewed Vest's medical history further and reported that it found "non-disabling hypertension and no evidence of end organ damage. Therefore, the panel is unable to certify that he

[Vest] was disabled as of 1985 under the provisions of the 'Heart Law.' "[2]

Coupled with his uninterrupted service as a police detective up to the day of his severance for other than medical reasons, the findings of the medical panel furnished CRAB with substantial evidence from which it could conclude that Vest was not physically incapacitated when he was separated from the police force in 1985. We find no support in either statutory or decisional law for Vest's position that, if he harbored the seed of incapacitating disease[3] while on active service, he may receive accidental retirement benefits under G. L. c. 32, § 7(1), for incapacity that does not manifest itself until after he has left government service. Section 7(1) (1994 ed.), so far as pertinent, provides that:

> "Any member in service . . . who becomes totally and permanently incapacitated . . . by reason of a personal injury sustained or a hazard undergone as a result of, and while in the performance of, his duties at some definite place and at some definite time . . . upon his written application . . . shall be retired for accidental disability . . . ."

The term "member in service," as defined by G. L. c. 32, § 3(1)(*a*)(i) (1994 ed.), is a member of the retirement system "regularly employed in the performance of his duties." Giving tenses their ordinary significance, the statute, when it says, "shall be retired," contemplates retirement *following* manifestation of disabling disability. Cf. *Quincy Retirement Bd.* v. *Contributory Retirement Appeal Bd.*, 340 Mass. 56, 60 (1959). Cases on which Vest relies, *State Retirement Bd.* v. *Contributory Retirement Appeal Bd.*, 12 Mass. App. Ct. at 306-307, and *Retirement Bd. of Andover* v. *Contributory Retirement Appeal Bd.*, 15 Mass. App. Ct. at 1004, both involve matured disability at the time of severance from government service. What those cases stand for is the settled principle that, after the end of active service, an employee has the status in the State retirement system of a "member inactive," G. L. c. 32, § 3(1)(ii) (1994 ed.), and in that capacity

---

[2]A reference to G. L. c. 32, § 94, which, subject to certain qualifications, raises a presumption of causation between disabling heart disease or hypertension and service as a permanent member of a police department.

[3]There is no suggestion that Vest's diabetes was work related.

may claim retirement benefits which matured while still on active service. See *Gannon* v. *Contributory Retirement Appeal Bd.*, 338 Mass. 628, 632-633 (1959); *Boston Retirement Bd.* v. *McCormick*, 345 Mass. 692, 695-696 (1963). See also *Vaughan* v. *Auditor of Watertown*, 19 Mass. App. Ct. 244 (1985) (hypertension caused disability before retirement); *Namay* v. *Contributory Retirement Appeal Bd.*, 19 Mass. App. Ct. 456, 457 (1985) (heart attack while on duty and before retirement). In *Burke* v. *Contributory Retirement Appeal Bd.*, 34 Mass. App. Ct. 212, 213-214 (1993), the employee obtained accidental disability retirement status under G. L. c. 32, § 7(1), on the basis of an injured back. We held that his surviving spouse could not later claim death benefits on an altered basis of a fatal postretirement progression of cardiovascular disease and hypertension with which the employee was afflicted while still on active service as a police officer.

The statutory language and the case law direct us to the conclusion that an employee who has left government service without an established disability may not, after termination of government service, claim accidental disability retirement status on the basis of a subsequently matured disability. A policy consideration lends additional support to that conclusion. If persons who have left government service and thereafter become disabled could claim public disability benefits on the basis of conditions that were nascent but not disabling while in government service, the additional fiscal responsibilities of the public retirement system could be substantial. It is not a burden courts should impose in the absence of statutory language that speaks directly to the point.

In view of our resolution of this aspect of Vest's case, we need not consider the other issues argued by the parties to the appeal.

*Judgment affirmed.*