Burnes, J.
Plaintiff, Regina O’Callahan, brought this Chapter 30A appeal under the Administrative Procedure Act from the denial of accidental death benefits by the Contributory Retirement Appeal Board (“CRAB”) to her, the widow of a Boston firefighter. This matter is before the court on cross motions for judgment on the pleadings. For reasons set forth below, judgment on the pleadings is allowed for the defendants.
I. BACKGROUND
Regina O’Callahan (“Regina”) is the widow of William C. O’Callahan (“William”), a Boston firefighter. William was a decades-long, 2-3 pack per day cigarette smoker. He was appointed as a Boston firefighter in July 1974. He was advised to quit smoking at that time. Subsequently he was involved in activities which required that he exert himself physically and which were emotionally stressful, many under dangerous conditions at the scenes of fires and other emergencies. Over his firefighting career, he suffered injuries while on duly, including instances of inhalation of smoke and toxic fumes. William died on December 26, 1992 at age 55 due to chronic obstructive pulmonary disease (“COPD”) of two years duration. No autopsy was performed.
In 1974, William passed an entry physical after undergoing vital capacity pulmonary testing. A February 1980 chest x-ray showed his lungs as “well expanded and clear.” By 1985, he was found to have a history of COPD. A January 1985 chest x-ray showed “mild interstitial edema.” An October 1986 x-ray showed “right pleural scarring." A June 1988 chest x-ray showed “pleural scarring.” An August 1989 chest x-ray showed “emphysema with right basilar scarring.” In October 1989, his physician, Dr. Peter Pak, opined that if William quit smoking it would slow the progression of COPD, and that instances of smoke inhalation by William at work may have been a contributing cause of the disabling COPD. O’Callahan refused to consider a lung transplant, because of his inability to stop smoking.
In determining the cause of a lung or respiratory illness for a firefighter, a local board must first consider the Lung Law Presumption (the “Presumption”). G.L.c. 32, §94A. The Presumption provides that lung or respiratory disease experienced by fire fighters is presumed to have been caused by events which occurred in the line of duty. Such a presumption may be overcome by a showing contrary to the Presumption. G.L.c. 32, §94A.
William filed for accidental disability benefits in October 1989, on the basis of disabling COPD. His claim was evaluated by a regional medical panel. The panel found him totally and permanently disabled. The panel also concluded that the Presumption had been overcome by William’s long and heavy smoking history.
The Boston Retirement Board (“Board”) denied the claim. William appealed to CRAB. In June 1992, CRAB affirmed that the Presumption had been overcome by substantial competent evidence, and affirmed the Board’s denial. CRAB did not remand the claim to the Board for further evaluation of William’s claim without application of the Presumption. William appealed CRAB’s decision, but in October 1992 the parties stipulated to a dismissal of the appeal without prejudice.
Following William’s death, Regina filed for accidental death benefits in January 1993 pursuant to G.L.C. 32, §§9 and 94A. The Board asked Dr. Kermit J. Katz for his opinion on the cause of death. Katz concluded that the cause of death was COPD or emphysema, that if William had not smoked it was probable that he would not have had emphysema, and that if he had smoked substantially less the emphysema would have had been milder and nonlethal. Regina asked Dr. John A. Mills, William’s attending physician during his final hospitalization, for his opinion on the cause of death. Mills concluded that the cause of death was from respiratory failure associated with severe emphysema, that William’s long-term smoking was an aggravating factor, and that his exposure to smoke and fumes at work could have contributed to bronchial irritation and his lung problem.
In 1995, the Board approved Regina’s claim for benefits. The Public Employment Retirement Administration “PERA” then remanded the case. PERA opined that the Board’s decision was not based on substantial evidence and that Regina could not rely upon the Presumption since CRAB had previously determined that it had been overcome for purposes of *484 determining the cause ofWilliam’s illness. In February 1996. the Board vacated its previous vote and denied Regina’s application for benefits. Regina appealed to CRAB. An administrative magistrate held a hearing in December 1996. The magistrate determined that William’s application had been properly denied. She ruled that Regina was collaterally estopped from using the Presumption because of the decision in William’s case. Without the Presumption, the magistrate held that the evidence showed that on-the-job exposures were “at best” a contributing, but not the natural and proximate, cause ofWilliam’s death.[1] In October 1997 CRAB affirmed the denial. This appeal under Chapter 30A followed. Both Regina and the Board have filed motions for judgment on the pleadings.[2]
II. DISCUSSION
Because the parties are in agreement as to all material allegations, the court may rule on a motion for judgment on the pleadings under Mass.R.Civ.P. 12(c). Under G.L.c. 30, §14, facts found by an administrative agency are conclusive and not open to review by the court unless they are not supported by substantial evidence. Cambridge Housing Authority v. Civil Service Commission, 7 Mass.App.Ct. 586, 587-88 (1979). Both parties have based their facts on the findings of the Division of Administrative Law Appeals.
A. COLLATERAL ESTOPPEL
Regina’s claim for death benefits is based on the same medical condition of William, emphysema, which was considered in William’s disability claim. In considering that claim, the Board reviewed whether William was entitled to the benefit of the Presumption. It concluded he was not. This denial was fully and finally adjudicated with a result adverse to William. Now, says the Board, Regina should not be able to relitigate that issue.
When an issue of fact or law actually has been litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim. Fay v. Federal Nat'l Mortgage Ass’n, 419 Mass. 782, 789 (1995). The spouse’s claim will be foreclosed if it is, as to the claim of the other spouse, “sufficiently related,” Fidler v. E.M. Parker Co., Inc., 394 Mass. 534, 541-42 (1985), or “symbiotic." Corrigan v. General Electric Co., 406 Mass. 478, 480 (1990).
In Fidler, the husband sought to pursue a loss of consortium claim that had not been brought in his wife’s prior Federal court law suit over whether the statute of limitations had run on her claim against the manufacturer of the chemical that she alleged harmed her. The Supreme Judicial Court held that the husband’s loss of consortium claim against the distributor of the chemical was barred by collateral estoppel, even though his claims were nominally “independent.” Id. at 541-42.[3] “The policy of repose is especially significant when the spouse of a nonprevailing litigant seeks to litigate a claim relating to the spouse’s alleged injuries.” Id. at 547. In Corrigan, the wife sued for loss of consortium for an injury which the husband claimed was incurred on the job. The husband’s claim had been denied. The Supreme Judicial Court held that although a spouse’s loss of consortium claim was an independent cause of action, and unlike in Fidler, the later claim could not have been joined with the former claim, it still was “symbiotic” and barred if an issue in the consortium claim already had been decided against the other spouse. Id. at 480.
As to the Presumption, Regina relies on the same facts as did William when he sought disability benefits. This case is easier than either Fidler or Corrigan. In both those cases, the court had to consider whether an independent cause of action, i.e., one based on different facts — the effect on the spouse of the injury— was to be barred. Although Regina’s claim is different, for death benefits rather than for disabiliiy, and one which by definition can be brought only by the surviving spouse, whether she is entitled to the benefit of the Presumption turns on exactly the same inquiry as was considered in William’s claim: was there contrary competent evidence to overcome the Presumption? In coming to its conclusion on William’s disability claim, the Board concluded and CRAB affirmed, that the Presumption had been overcome. Therefore, this issue has been determined in the prior litigation. This conclusion meets the Fay conditions to estop a subsequent litigant. CRAB’s decision was valid and became a final judgment and the determination was essential to the judgment.[4]
Collateral estoppel does not apply, however, when other “circumstances existed which warrant relitigation of the issues.” Corrigan at 479, quoting Fidler at 548. Here, Regina argues that Noone v. Contributory Retirement Appeal Board, 34 Mass.App.Ct. 756 (1993), provides that special circumstance. She argues that Noone changed the law as to what evidence will carry the day in determining causation in a disability case. She misapprehends to what issue collateral estoppel is being applied. What the Board and CRAB determined in William’s case on which Regina is collaterally estopped is the application of the Presumption. (CRAB did not send William’s case back to the Board for a determination of cause absent the Presumption.) Noone is irrelevant.
The magistrate, in Regina’s case, clearly made a proper determination of cause once the Presumption fell away. Whether the magistrate made her decision without considering the Presumption at all, see Hayes v. City of Revere, 24 Mass.App.Ct. 671, 679 (1987) (Heart Presumption may be “lost”), or whether she considered it as some evidence, but decided it was not sufficient, see Yaybec v. Board of Appeal, 41 Mass.App.Ct. 915, 916 (1996) (motor vehicle presumptions: discussion of bursting bubble and eviden *485 tiary presumptions), she certainly had ample evidence to conclude as she did.
B. 30A APPEAL
The Board further asserts that CRAB’s decision was based upon a correct interpretation of law, upon substantial evidence, was not arbitrary or capricious, and should be affirmed. The party appealing an administrative decision bears the burden of demonstrating the decision’s invalidity. Coggin v. Massachusetts Parole Bd., 42 Mass.App.Ct. 584, 587 (1997); Boston v. Outdoor Advertising Bd., 41 Mass.App.Ct. 775, 782 (1996), citing Merisme v. Bd. of Appeals on Motor Vehicle Liab. Policies & Bonds, 27 Mass.App.Ct. 470, 474 (1989). Regina has not met her burden of demonstrating that CRAB’s decision was invalid.
In reviewing an agency decision, the court is required to give due weight to the agency’s experience, technical competence, specialized knowledge, and the discretionary authority conferred upon it by statute. Iodice v. Architectural Access Bd., 424 Mass. 370, 375-76 (1997), citing G.L.c. 30A, §14. The reviewing court may not substitute its judgment for that of the agency. Southern Worcester County Regional Vocational Sch. Dist. v. Labor Relations Committee, 386 Mass. 414, 420-21 (1982), citing Olde Towne Liquor Store, Inc. v. Alcoholic Beverages Control Comm’n, 372 Mass. 152, 154 (1977). A court may not dispute an administrative agency’s choice between two conflicting views, even though the court would justifiably have made a different choice had the matter come before it de novo. Seagram Distillers Co. v. Alcoholic Beverages Control Comm’n, 401 Mass. 713, 721 (1988); Zoning Board of Appeals of Wellesley v. Housing Appeals Comm’n, 385 Mass. 651, 657 (1982). An agency’s decision need only be based on “reasonable evidence.” Medical Malpractice Joint Underwriting Ass’n of Mass. v. Commissioner of Insurance, 395 Mass. 43, 54 (1985); Lisbon v. Contributory Retirement Appeal Board, 41 Mass.App.Ct. 246, 256 (1996).
Regina argues primarily that CRAB’s determination that William C. O’Callahan’s death was not caused by his job was erroneous as a matter of law. See McDonough v. Contributory Retirement Appeal Board, 15 Mass.App.Ct. 14, 15 (1982). Death benefits are due if a member’s death was the natural and proximate result of a personal injuiy sustained or a hazard undergone as a result of, and while in the performance of his duties at some definite time and place. G.L.c. 32, §9; Campbell v. Contributory Retirement Appeal Board, 17 Mass.App.Ct. 1018, 1019 (1984). The statute also covers employees who suffer from conditions “due to on-the-job impacts, particularly those of a repetitive or cumulative nature.” Namay v. Contributory Retirement Appeal Board, 19 Mass.App.Ct. 456, 460 (1985).
CRAB’s magistrate was entitled, as the finder of fact, to accept or reject medical evidence. Burke v. Contributory Retirement Appeal Board, 34 Mass.App.Ct. 212, 215 (1993). The responsibility of deciding preliminary questions relating to the credibility and weight of the evidence rests with the magistrate. Maddocks v. Contributory Retirement Appeal Board, 369 Mass. 488, 495 (1976). The probative value of expert testimony is for the fact-finding tribunal to decide, and where there is conflicting expert testimony, which there really was not any here, the fact finder may completely discount the testimony of one expert and rely exclusively on another. Robinson v. Contributory Retirement Appeal Board, 20 Mass.App.Ct. 634, 639 (1985).
Without the Presumption, Regina must prove that injuries suffered while in the course of and in the performance of duties were the natural and proximate cause of William’s death. Robinson v. Contributory Retirement Appeal Board, 20 Mass.App.Ct. 634, 638 (1985). William’s work must be more than a contributing or aggravating factor to a preexisting condition. Blanchette v. Contributory Retirement Appeal Board, 20 Mass.App.Ct. 479, 485 (1985); Campbell v. Contributory Retirement Appeal Board, 17 Mass.App.Ct. 1018, 1019 (1984). See also Burke v. Contributory Retirement Appeal Board, 34 Mass.App.Ct. 212, 213 (1993).There was substantial evidence from all of the doctors who examined William — Katz, Mills, and Pak — two of whom were William’s treating physicians, for the magistrate to have concluded that William’s heavy smoking caused his emphysema and death, and that any exposure to lung irritants as a firefighter was at most a contributing factor.
Regina argues that causation should ultimately be decided by CRAB, based on facts found in all underlying evidence, including both medical and nonmedical facts. Retirement Bd. of Brookline v. Contributory Retirement Board, 33 Mass.App.Ct. 478, 481 (1992), rev. denied 414 Mass. 1101. See also Noone v. Contributory Retirement Appeal Board, 34 Mass.App.Ct. 756 (1993). Regina points to no nonmedical facts that CRAB should have considered. She seems to be arguing that where both work and nonwork related factors could have contributed to a condition, she is entitled to the death benefits, citing Noone. Noone only requires CRAB to allow a petitioner (in a disability case) to challenge the conclusions of the Regional Medical Panel and requires the local board, and not the panel, to make the decision about what caused the disability.
Regina has not shown that CRAB’s decision was not supported by substantial evidence, was arbitrary, capricious, an abuse of discretion or based on an error of law. CRAB may base its decision on “such evidence as a reasonable mind might accept as adequate to support a conclusion.” G.L. 30A, §1(6). The physicians’ opinions, coupled with the undisputed evidence of William’s smoking, are certainly that. As a matter of law, CRAB was correct in its application of collateral estoppel.
*486 ORDER
It is therefore ORDERED that judgment on the pleadings enter for the defendants.

Regina argued at the hearing that the magistrate applied the wrong standard for causation. That clearly is not the case. The standard under Sections 7 and 9 are the same. Was the disability or death more likely than not to be related to work related events? Lisbon v. Contributory Retirement Appeal Bd., 41 M.A.C. 246, 255 (1996). But even if Regina were correct, what she is really complaining about is that the magistrate (and CRAB) held that she was collaterally estopped from using the Presumption. Record Appendix (R.A.) at 190. This conclusion was correct. See pp. 5-7 below. The magistrate made her conclusion as to the cause of William’s death (without using the Presumption), applying the correct standard under Section 9.

CRAB, as a nominal party, has not participated in this action.

The dissent pointed out that the husband’s independent loss of consortium claim, that is, his claim that his wife’s injury interfered with their life together, could have accrued later than hers. Fidler at 551.

Regina argues that William’s claim was not fully and finally adjudicated because the parties agreed to dismiss his appeal to the Superior Court from CRAB’S adverse decision without prejudice. However, because he had only 30 days to appeal, once he agreed to dismiss the appeal, after the 30 days had run, the decision became final. In addition, although he did not pursue his claim as far as all procedural rights might have allowed, he did have a full hearing before the Regional Medical Panel, the Board and CRAB. He also pursued an appeal to the Superior Court.