Fecteau, J.
This is an appeal, by the plaintiff Patricia Orell pursuant to M.G.L.c. 30A, §14, from the decision of the Massachusetts State Retirement Board (Board), denying her an accidental disability allowance and an appeal of the decision of the Contributory Retirement Appeal Board (CRAB) upholding the Board’s denial of benefits. Although the plaintiff, in her complaint seeking judicial review, alleges that the defendants’ decisions were (1) based upon an error of law; (2) unsupported by substantial evidence; (3) unwarranted by the facts found; and (4) arbitrary, capricious, an abuse of discretion and otherwise not in accordance with the law, she argues in her motion for judgment on the pleadings[1] only that the decision was based upon an error of law.
This matter came on for hearing on January 17, 2001. Upon consideration of the pleadings and the arguments of the parties, the motion of the plaintiff is denied for the reasons that follow.
BACKGROUND
On or about December 18, 1998, the plaintiff, an employee at U. Mass. Medical Center from December 1972, to December 1997, filed an application for accidental disability benefits under the provisions of G.L.c. 32, §7. The State Board of Retirement denied the application on or about July 29, 1999. An appeal was taken to the Contributory Retirement Appeals Board, who referred the matter for hearing before the Division of Administrative Law Appeals. On December 17, 1999, the hearing officer issued her decision recom *662 mending affirmation of the decision of the State Board of Retirement. On February 14, 2000, CRAB adopted the findings and recommendation of the hearing officer and upheld the denial of accidental disability retirement benefits.
The plaintiffs last relevant work for U. Mass. Medical Center was that of billing coordinator. Among tasks expected to be performed by the plaintiff were data entry, sorting and general clerical functions.
As a result of a pregnancy in 1989, she developed a case of carpal tunnel syndrome, which resolved after the child was delivered. It reoccurred in 1996, causing symptoms of numbness in her hands and arms, neck and shoulder pain. Her physician prescribed rest, ice packs and pain medication, followed by a short course of physical therapy. In May 1997, the plaintiff began to work a reduced schedule of 4 hours per day.
On June 10, 1997, Orell suffered a trip and fall accident at work and injured her knees. She worked the next three days but then remained out of work for two weeks at the advice of her doctor. In September 1997, her work day was increased to 6 hours per day.. During the fall, she claimed to be experiencing an increase in her symptoms related to carpal tunnel syndrome. She was examined by her own doctor, Isadore Yablon, in November 1997, who could not find objective evidence of carpal tunnel syndrome nor any basis for her subjective complaints of pain.
On December 10, 1997, the plaintiff, at work, sent an “e-mail” to a co-worker in which she was critical of her supervisors. She was terminated from her position on December 30, 1997, due to insubordination, for the “e-mail" incident. She had worked on this reduced schedule — six hour per day, five day per week — up to the date of her termination.
In April 1998, she underwent surgery for her carpal tunnel syndrome. Her symptoms thereafter resolved.
After filing her application for accidental disability retirement in June 1998, she was examined, in September 1998, by Dr. John Duff, who was unable to support her complaints of symptoms related to her carpal tunnel syndrome. He opined that she was able to work without restriction.
A regional medical panel was convened to examine her on account of her application. It was composed of Drs. Avraham Almozlino, Jerry Berke and Anthony Caprio. Dr. Caprio found her to be totally and permanently disabled from her work. Dr. Berke came to the same conclusion but based his opinion upon the plaintiff having informed him that the reason that she was terminated from her employment was that she was unable to perform the tasks associated with her job. Dr. Almozlino found her not to be disabled.

DISCUSSION

I. Standard of Review
The scope of review of an agency’s decision is defined by G.L.c. 30A, §14 citing Howard Johnson Company v. Alcoholic Beverages Control Commission, 24 Mass.App.Ct. 487, 490 (1987). Pursuant to G.L.c. 30A, §14(7) the court may either affirm, remand, set aside or modify an agency’s decision “if it determines that the substantial rights of any pariy may have been prejudiced because the agency’s decision is:
(c) based upon an error of law; or
(e) unsupported by substantial evidence; or
(f) unwarranted by facts found by the court on the record as submitted . . .; or
(g) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law."
According to G.L.c. 30A, §1(6), “substantial evidence means such evidence as a reasonable mind might accept as adequate to support a conclusion.”
The party appealing an administrative decision bears the burden of demonstrating the decision’s invalidity. Merisme v. Board of Appeals on Motor Vehicle Liab. Policies and Bds., 27 Mass.App.Ct. 470, 474 (1989); also Faith Assembly of God v. State Bldg. Code Comm’n, 11 Mass.App.Ct. 333, 334 (1981). In reviewing the agency’s decision, the court is required to give due weight to the agency’s experience, technical competence, specialized knowledge, and the discretionary authority conferred upon it by statute. Flint v. Commissioner of Pub. Welfare, 412 Mass. 416, 420 (1992); Seagram Distillers Co. v. Alcoholic Beverages Control Comm’n., 401 Mass. 713, 721 (1988). The reviewing court may not substitute its judgment for that of the agency. Southern Worcester County Regional Vocational School Dist. v. Labor Relations Comm’n, 386 Mass. 414, 420-21 (1982). A court may not dispute an administrative agency’s choice between two conflicting views, even though the court would justifiably have made a different choice had the matter come before it de novo. Zoning Bd. of Appeals of Wellesley v. Housing Appeals Comm’n, 385 Mass. 651, 657 (1982).
The plaintiff contends that the decision of CRAB is based upon an error of law, in that the Board misapplied the recent case of Vest v. CRAB, 41 Mass.App.Ct. 191 (1996), in its decision that since the plaintiff failed to sustain her burden to prove that she was disabled from her job at the time of her termination, she was ineligible for an accidental disability retirement. The plaintiff argues further that the facts in the Vest case, supra, are distinguishable from those in this case. The question thus becomes whether the disability claimed by the plaintiff, if any, matured prior to or subsequent to her termination. The decision of the board was that it had matured, if at all, following her termination and that, on the date of her termination, she was not disabled.
In the Vest decision, supra, the court stated its disagreement with the applicant therein who contended that so long as "he harbored^ the seed of incapacitating disease while on active service, he may receive accidental retirement benefits under G.L.c. 32, *663 §7(1), for incapacity that does not manifest itself until after he has left government service." Supra at p. 193. After quoting the statute in pertinent detail, the court continued: “(t]he term ‘member in service,’ as defined in G.L.c. 32, §3(l)(a)(l), is a member of the retirement system ‘regularly employed in the performance of his duties.’ Giving tenses their ordinary significance, the statute, when it says, ‘shall be retired,’ contemplates retirement following manifestation of disabling disability.” [Citations omitted.] Id.
Here, the plaintiff may have “harbored the seed of incapacitating disease” prior to her termination, but she did not prove the “manifestation of disabling disability” prior to her termination. She was performing her duties six hours per day, five days per week up to the day that she was terminated. The decision of CRAB in upholding the denial of accidental disability retirement benefits was, therefore, not based upon an error of law. There is no other basis upon which to conclude, under the provisions of G.L.c. 30A, § 14, that the decision is erroneous as a matter of law or fact and it is thus affirmed.
ORDER FOR JUDGMENT
For the foregoing reasons, the decision of the Contributory Retirement Appeal Board is AFFIRMED. The plaintiffs motion for judgment on the pleadings is DENIED. Judgment on the pleadings shall be entered in favor of the defendant.

Pursuant to Standing Order 1-96 of the Superior Court, the plaintiff filed her Motion for Judgment on the Pleadings. The State Board of Retirement filed its opposition and was heard in opposition to the motion at the hearing. CRAB, as a nominal party, relies on the opposition of the State Board of Retirement.